UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:17-cv-00161-JLS-JEM                              Date: October 13, 2017
Title: Consumer Financial Protection Bureau v. Vincent Howard et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

    Not Present                                                          Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER GRANTING CFPB'S MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS WITH LEAVE TO AMEND IN PART (Doc. 58)**

    Before the Court is Plaintiff the Consumer Financial Protection Bureau's Motion to Dismiss Defendants' Counterclaims.  (Mot., Doc. 58.)  Defendants[1] Vincent Howard, Lawrence W. Williamson, Howard Law, P.C.; The Williamson Law Firm, LLC; and Williamson & Howard, LLP oppose the Motion (Opp'n, Doc. 59), and CFPB replied (Reply, Doc. 60).  Having considered the briefs, the Court GRANTS the Motion WITH LEAVE TO AMEND IN PART.

**I.   BACKGROUND**

    Because the parties and the Court are familiar with this litigation, the Court recites only the developments in this case since Defendants' Motion to Dismiss.  On January 30, 2017, the CFPB filed this action against Defendants alleging that Defendants violated the Telemarketing Sales Rule by: (1) charging upfront fees for debt relief services (16 C.F.R. § 310.4(a)(5)(i)), (2) engaging in misleading debt relief practices (*id.* § 310.3(a)(2)(ii),

---

[1] The Court refers to Vincent Howard, Lawrence W. Williamson, Howard Law, P.C.; The Williamson Law Firm, LLC; and Williamson & Howard, LLP as "Defendants" for clarity and to maintain consistency with prior orders.  Of course, for the counterclaims, they are the "Counter-Plaintiffs."

**CIVIL MINUTES – GENERAL**                                                                                1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-00161-JLS-JEM                                                              Date: October 13, 2017
Title: Consumer Financial Protection Bureau v. Vincent Howard et al.

(x)), and (3) substantially assisting Morgan Drexen and Walter Ledda in their violations of the TSR (*id.* § 310.3(b)).  (Compl. ¶¶ 87–99, Doc. 1.)  On Mary 30, 3017, the Court denied Defendants' Motion to Dismiss.  (MTD Order, Doc. 42.)

On June 27, 2017, Defendants filed an Answer, which includes counterclaims for (1) Violation of the Defendants' First Amendment Rights and (2) Damages for Wrongful Injunction.  (Answer ¶¶ 46–66, Doc. 51)  In their First Amendment cause of action, Defendants allege that they "used truthful and accurate advertising to promote their insolvency and bankruptcy practices."  (*Id.* ¶ 47.)  Defendants further contend that CFPB has "forc[ed Defendants] from this line of legal practice," thus "effectively shut[ting] down the [Defendants'] speech on these important consumer issues."  (*Id.* ¶ 49.)  The CFPB's requested permanent injunction would therefore be an impermissible prior restraint on speech.  (*Id.* ¶¶ 48, 50–52.)  Based on these allegations, Defendants seek damages, attorneys' fees, an injunction, and a declaratory judgment "that the CFPB's enforcement of the alleged consumer protection laws referenced in its Complaint is unconstitutional."  (*Id.* ¶ 53, Prayer ¶ 1.)  Defendants' wrongful injunction counterclaim seeks damages for the Permanent Injunction and Contempt Order that the CFPB obtained in the *Morgan Drexen* litigation, alleging that the issuance of these orders harmed their practices "in an amount approaching or exceeding $25 million dollars."  (*Id.* ¶¶ 54–66.)

## II.   LEGAL STANDARD

### A.   Rule 12(b)(1)

A defendant may move to dismiss an action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  "Dismissal for lack of subject matter jurisdiction is appropriate if the complaint, considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction."  *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984–85 (9th Cir. 2008).  When considering a Rule 12(b)(1) motion, the Court "is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:17-cv-00161-JLS-JEM				Date: October 13, 2017
Title: Consumer Financial Protection Bureau v. Vincent Howard et al.

factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). "The party asserting [] subject matter jurisdiction bears the burden of proving its existence." *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

### B. Rule 12(b)(6)

In deciding a motion to dismiss under Rule 12(b)(6), courts must accept as true all "well-pleaded factual allegations" in a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A court must draw all reasonable inferences in the light most favorable to the non-moving party. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). Yet "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

## III. DISCUSSION

In its Motion, the CFPB moves to dismiss both of Defendants' counterclaims for lack of subject matter jurisdiction and failure to state a claim. (Mot.) The Court will address the wrongful injunction counterclaim before turning to the First Amendment counterclaim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:17-cv-00161-JLS-JEM                                    Date: October 13, 2017
Title: Consumer Financial Protection Bureau v. Vincent Howard et al.

### A.     <u>Wrongful Injunction Counterclaim</u>

Sovereign immunity bars suits against the United States and its agencies without the Government's consent. *FDIC v. Meyer*, 510 U.S. 471 (1994). Although the Administrative Procedure Act waives the Government's sovereign immunity for injunctive and declaratory relief, it does not allow claims for money damages. *See, e.g.*, *Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999). Defendants' counterclaim for "Damages for Wrongful Injunction," which seeks "special and consequential damages," would therefore be barred by sovereign immunity unless another statute authorizes such a suit. (Answer ¶ 66.)

Because Defendants do not identify a statute that abrogates the CFPB's sovereign immunity, the Court will consider whether Defendants may proceed under either the Federal Tort Claims Act or Tucker Act. The Federal Tort Claims Act allows parties to recover against the Federal Government—with some exceptions—to the same extent that private parties would be liable for torts in the relevant jurisdiction. 28 U.S.C. § 2674. But, as several state court decisions have held, California does not recognize a cause of action for wrongful injunction:

> A defendant's common-law right to be made whole at the conclusion of litigation is limited to an independent action for abuse of process or malicious prosecution. His right to recover damages caused by an improperly issued injunction on his mere showing that such damage occurred, is a purely statutory rule in California, embodied in [California's undertaking statute.]

*Dickey v. Rosso*, 23 Cal. App. 3d 493, 497 (Ct. App. 1972); *City of S. San Francisco v. Cypress Lawn Cemetery Assn.*, 14 Cal. Rptr. 2d 323, 327–29 (Ct. App. 1992); *Wallace v. Miller*, 189 Cal. Rptr. 637, 643 (Ct. App. 1983). Because no undertaking was required or offered here, California's undertaking statute does not provide Defendants with a damages cause of action. In addition, were the Court to construe Defendants' wrongful injunction claim as one for malicious prosecution or abuse of process, the claim would

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:17-cv-00161-JLS-JEM                                    Date: October 13, 2017
Title: Consumer Financial Protection Bureau v. Vincent Howard et al.

not come within the Federal Tort Claims Act's waiver of sovereign immunity for tort claims. *See* 28 U.S.C. § 2680(h). Defendants emphasize that Washington state courts recognize a cause of action for a wrongfully issued injunction based on a Washington appellate rule. *See Norco Const., Inc. v. King Cty.*, 721 P.2d 511, 514 (Wash. 1986) (construing Washington Rule of Appellate Procedure 8.1). But this is irrelevant because California does not recognize such a claim, and all the operative facts alleged here occurred in California.

      Even if wrongful injunction were a valid cause of action under California law, Defendants have not complied with the Federal Tort Claims Act's administrative exhaustion requirement, which is jurisdictional. (Plank Decl. ¶¶ 2–3, Doc. 58-1.) 28 U.S.C. § 2675(a); *D.L. by & through Junio v. Vassilev*, 858 F.3d 1242, 1245 (9th Cir. 2017). While the FTCA does not require exhaustion for "such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim[,]" 28 U.S.C. § 2675(a), the Ninth Circuit has construed this exemption to apply only where "the principal action by the United States was in tort and the counterclaim was compulsory in nature." *Spawr v. United States*, 796 F.2d 279, 281 (9th Cir. 1986); *see* Fed. R. Civ. P. 13(d). To determine whether a counterclaim is compulsory, the Ninth Circuit applies the "logical relationship" test, which considers "whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1249 (9th Cir. 1987) (applying Arizona law but noting that the Ninth Circuit uses the same standard). The CFPB's Complaint alleges that Defendants violated the Telemarketing Sales Rule through misleading debt relief practices, charging upfront fees for debt relief services, and substantially assisting others in their violations of the Rule. (Compl. ¶¶ 87–99.) By contrast, Defendants wrongful injunction claim alleges that the CFPB improperly obtained an injunction and contempt order against Defendants in a prior suit against Morgan Drexen, thereby harming Defendants financially. (Answer ¶¶ 54–66.) The operative facts for these claims are not so logically connected that Defendants'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-00161-JLS-JEM                                             Date: October 13, 2017
Title: Consumer Financial Protection Bureau v. Vincent Howard et al.

counterclaim would be considered compulsory, so Defendants are not excused from the FTCA's administrative exhaustion requirement.

Finally, the Tucker Act vests jurisdiction only in United States Court of Federal Claims for contract claims. 28 U.S.C. § 1491(a)(1). Although the Little Tucker Act grants concurrent jurisdiction to district courts for contract claims "not exceeding $10,000[,]" 28 U.S.C. § 1346(a)(2), Defendants allege they have sustained losses "in an amount approaching or exceeding $25 million" (Answer ¶ 65), so the Little Tucker Act provides no basis for jurisdiction either. Realizing that this Court lacks jurisdiction to adjudicate its claim under the Tucker Act for wrongful injunction, Defendants press this Court to transfer its counterclaim to the Federal Court of Claims under 28 U.S.C. § 1631. (Opp'n at 14.) But "[s]ection 1631 permits transfer only when (1) a court exists in which the case could have been brought originally, and (2) the interests of justice would be served by the transfer." *Clark v. Busey*, 959 F.2d 808, 812 (9th Cir. 1992). Under this framework, "[t]ransfer is . . . improper where the plaintiff fails to make a prima facie showing of a right to relief, because the interests of justice would not be served by transfer of such a case." *Id.* In their Opposition, Defendants do not dispute that state law does not permit a cause of action for wrongful injunction; instead, they assert that Rule 65 somehow creates an "implied contract." (Opp'n at 15 n.6.) Yet blackletter federal law provides that "[a] party injured by the issuance of an injunction later determined to be erroneous has no action for damages in the absence of a bond."[2] *W.R. Grace & Co. v. Local Union 759, Int'l Union of United Rubber, Cork, Linoleum & Plastic Workers of Am.*, 461 U.S. 757, 770 n.14 (1983); *Buddy Sys., Inc. v. Exer-Genie, Inc.*, 545 F.2d 1164,

---

[2] There are exceptions to this rule for malicious prosecution and unjust enrichment claims, Alan Wright et al., 11A Fed. Prac. & Proc. Civ. § 2973 (3d ed.), but those claims would be outside the scope of the Tucker Act. *See, e.g.*, *Aetna Cas. & Sur. Co. v. United States*, 655 F.2d 1047, 1059–60 (Ct. Cl. 1981) (holding that the Federal Court of Claims lacks jurisdiction to hear unjust enrichment claims because they are not implied-in-fact contracts). In addition, such claims would be based on state law—rather than somehow emanate from Rule 65—and, as noted already, California does not recognize an action for a wrongfully issued injunction. Instead, a party must sue under the State's undertaking statute, for malicious prosecution, or for abuse of process.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-00161-JLS-JEM					Date: October 13, 2017
Title: Consumer Financial Protection Bureau v. Vincent Howard et al.

1167 (9th Cir. 1976); *United Tactical Sys., LLC v. Real Action Paintball, Inc.*, 143 F. Supp. 3d 982, 1005–06 (N.D. Cal. 2015).  Again, that certain states (other than California) may recognize such a cause of action is irrelevant.  Thus, transferring Defendants' claim to the Federal Court of Claims would be improper because Defendants have not made a prima facie showing of a right to relief under the Tucker Act.

In sum, neither the Federal Tort Claims Act nor the Tucker Act grant this Court jurisdiction to entertain Defendants' counterclaim for "Damages for Wrongful Injunction."  Transfer of the claim under section 1631 to the Court of Federal Claims would also be inappropriate because there is no federal or California state law claim sounding in contract for a wrongfully issued injunction.  Accordingly, the Court DISMISSES for lack of subject matter jurisdiction Defendants' claim for wrongful injunction.

### B.     First Amendment Counterclaim

Defendants' First Amendment counterclaim is hardly a model of clarity, so the Court takes aspects of the counterclaim in turn.  *First*, to the extent that Defendants' First Amendment counterclaim seeks damages (*see* Opp'n at 17 (asserting that Defendants seek damages under their First Amendment counterclaim)), this Court lacks subject matter jurisdiction.  The Supreme Court has held that a *Bivens* damages remedy does not lie against federal agencies, *Meyer*, 510 U.S. at 483–86, and Defendants identify no statute that would authorize a damages award against the CFPB for an alleged First Amendment violation.

*Second*, insofar as Defendants seek to relitigate the contempt proceedings in this action through their First Amendment cause of action (*see* Opp'n at 20–21), they lack Article III standing to do so.  To establish Article III standing, a plaintiff must show that she has (1) suffered an "injury in fact" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical," (2) the harm must be "fairly trace[able]" to the defendant's conduct, and (3) the Court must be able to redress the claimed injury.  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).  Article III standing for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-00161-JLS-JEM                                              Date: October 13, 2017
Title: Consumer Financial Protection Bureau v. Vincent Howard et al.

declaratory or injunctive relief further requires the plaintiff to show she is "realistically threatened by a *repetition* of the violation." *Gest v. Bradbury*, 443 F.3d 1177, 1181 (9th Cir. 2006) (quoting *Armstrong v. Davis*, 275 F.3d 849, 860–61 (9th Cir. 2001)). Defendants have not shown that there is a realistic prospect that the CFPB will bring another contempt action against them for violating the *Morgan Drexen* permanent injunction. On remand from the Ninth Circuit, the CFPB dropped its contempt motion against Defendants, choosing instead to file an independent action against them for violating the TSR. This Court then closed the *Morgan Drexen* case. Defendants do not allege that the CFPB has threated to reopen the *Morgan Drexen* case and bring another contempt motion against them; to the contrary, their Opposition discusses at length how CFPB's decision *not* to pursue contempt sanctions means they were denied a decisive victory on the merits. (*See* Opp'n at 16 (stressing that the Ninth Circuit's "rulings constituted a procedural victory for the Attorneys but did not vindicate the Attorneys on the merits of their claim").) But this only underscores that Defendants lack Article III standing to relitigate the contempt proceedings because there is no realistic prospect that the CFPB will bring another contempt motion against them for violating the *Morgan Drexen* permanent injunction. Hence, determining who would have prevailed in the contempt proceedings on remand if Defendants had raised a First Amendment defense would be an entirely hypothetical exercise—exactly what Article III's "cases or controversies" requirement prohibits.

Besides, the Court could not redress Defendants' claimed injuries by revisiting the *Morgan Drexen* contempt proceedings. The CFPB brought the contempt motion against Defendants for alleged conduct that would violate the TSR. After the remand from the Ninth Circuit, the CFPB brought a direct action against Defendants under the TSR for the same underlying alleged conduct. Thus, the superseding cause of any continuing injuries that Defendants experience is this CFPB action, not the prior contempt proceeding.

*Third*, Defendants also lack Article III standing to challenge the CFPB's request for a permanent injunction in the agency's complaint as a prior restraint on speech. A request for a permanent injunction in a complaint is just that—a request. It does not prevent Defendants from saying or doing anything. Thus, the injury, if any, that

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-00161-JLS-JEM                                    Date: October 13, 2017

Title: Consumer Financial Protection Bureau v. Vincent Howard et al.

Defendants have suffered as a result of the CFPB demanding injunctive relief in its complaint against them is far too abstract to support Article III standing.

*Fourth*, to the extent that Defendants assert that their speech was truthful and non-misleading so enforcing the TSR against them would be unconstitutional, the claim may proceed.  Defendants have adequately pleaded Article III standing because they claim that they have suffered monetary losses as a result of CFPB's enforcement of the TSR against them, and a declaratory judgment or injunction could redress their injuries by preventing the CFPB from enforcing the TSR against them.  (Answer ¶ 49.)  The APA waives the Federal Government's sovereign immunity for all claims other than for money damages, even if the APA does not create the cause of action.[3]  *Trudeau v. FTC*, 456 F.3d 178, 187 (D.C. Cir. 2006) ("[The] APA § 702's waiver of sovereign immunity permits not only [plaintiff's] APA cause of action, but his nonstatutory and First Amendment actions as well."); *The Presbyterian Church (U.S.A.) v. United States*, 870 F.2d 518, 525 (9th Cir. 1989) ("Congress' plain intent in amending § 702 was to waive sovereign immunity for all such suits, thereby eliminating the need to invoke the [*Ex Parte*] *Young* fiction.").

As for whether the Court should dismiss or strike the First Amendment counterclaim as redundant, a court should "deny a request to dismiss a counterclaim for declaratory relief unless there is *no doubt* that it will be rendered moot by the adjudication of the main action."  Alan Wright et al., 6 Fed. Prac. & Proc. Civ. § 1406 (3d ed.) (emphasis added).  Here, the CFPB's claims could fail for a reason other than Defendants' First Amendment defense, so the Court will not strike the counterclaim as redundant.

---

[3] Before *Armstrong* many courts considered a "First Amendment claim" to be an implied cause of action created by the Constitution itself (similar to a *Bivens* claim), but the Supreme Court has since clarified that the cause of action derives from a court's inherent equitable powers.  *See Armstrong v. Exceptional Child Ctr., Inc.*, 135 S. Ct. 1378, 1384 (2015) ("The ability to sue to enjoin unconstitutional actions by state and federal officers is the creation of courts of equity, and reflects a long history of judicial review of illegal executive action, tracing back to England.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:17-cv-00161-JLS-JEM                                   Date: October 13, 2017
Title: Consumer Financial Protection Bureau v. Vincent Howard et al.

On the merits, however, the CFPB is correct that the prior restraint doctrine is poor fit for Defendants' First Amendment counterclaim. "The term prior restraint is used 'to describe administrative and judicial orders *forbidding* certain communications when issued in advance of the time that such communications are to occur.'" *Alexander v. United States*, 509 U.S. 544, 550 (1993) (quoting M. Nimmer, Nimmer on Freedom of Speech § 4.03, p. 4–14 (1984)). As noted already, Defendants lack Article III standing to relitigate the *Morgan Drexen* contempt proceedings in this case, and they have not otherwise identified any prospective administrative or judicial decree that could potentially forbid their commercial speech.[4] (*See* Opp'n at 18, 21 (acknowledging that Defendants' activities constitute commercial speech). Instead, Defendants have only a *Central Hudson* claim, alleging that the CFPB's enforcement of the TSR against them would infringe their commercial speech rights. *See Valle Del Sol Inc. v. Whiting*, 709 F.3d 808, 820–21 (9th Cir. 2013) (listing the elements of a *Central Hudson* claim). Of course, this is not how Defendants pleaded their claim—they pleaded their First Amendment counterclaim as one for a prior restraint on speech. (Answer ¶¶ 48, 50–52.) Thus, the Court DISMISSES Defendants' First Amendment counterclaim with LEAVE TO AMEND IN PART. Defendants' demand for money damages and any First Amendment challenge predicated on the *Morgan Drexen* permanent injunction or the CFPB's demand for injunctive relief in its complaint are DISMISSED under Rule 12(b)(1) for lack of subject matter jurisdiction. To the extent that Defendants allege an unconstitutional restriction on commercial speech, the Court DISMISSES the claim under Rule 12(b)(6) for failure to state a claim WITH LEAVE TO AMEND.

---

[4] The Supreme Court and Ninth Circuit have also never decided whether the prior restraints doctrine even applies to commercial speech. *Hunt v. City of Los Angeles*, 638 F.3d 703, 718 n.7 (9th Cir. 2011) ("It is an open question whether the prior restraint doctrine even applies to commercial speech."); *United States v. Bell*, 414 F.3d 474, 480–81 (3d Cir. 2005) (applying the lesser *Central Hudson* standard to a permanent injunction forbidding commercial speech that promoted a misleading and unlawful tax avoidance scheme).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:17-cv-00161-JLS-JEM                                     Date: October 13, 2017
Title: Consumer Financial Protection Bureau v. Vincent Howard et al.

### IV.    CONCLUSION

      For the reasons stated above, the Court GRANTS the CFPB's Motion to Dismiss.  Defendants' demand for money damages, the wrongful injunction counterclaim, and any First Amendment challenge predicated on the *Morgan Drexen* permanent injunction or the CFPB's demand for injunctive relief in its complaint are DISMISSED for lack of subject matter jurisdiction.  Because this is a dismissal for lack of subject matter jurisdiction, the dismissal is WITHOUT PREJUDICE but WITHOUT LEAVE TO AMEND.  Finally, to the extent that Defendants allege an unconstitutional restriction on commercial speech, the Court DISMISSES the First Amendment counterclaim under Rule 12(b)(6) for failure to state a claim WITH LEAVE TO AMEND.  Defendants are granted leave to file a First Amended Answer within **twenty-one (21) day** to replead only their First Amendment counterclaim consistent with this Order.  Leave is not granted to replead claims, theories, or requests for money damages that the Court has dismissed for lack of subject matter jurisdiction.  Failure to file a First Amended Answer by that date shall be deemed consent to dismiss Defendants' First Amendment counterclaim with prejudice.

                                                           Initials of Preparer: tg