CARA PETERSEN, DC Bar #476990
Deputy Enforcement Director for Litigation
JAN SINGELMANN, DC Bar # 999087
E-mail: jan.singelmann@cfpb.gov
Phone: 202-435-9670
AMY RADON, CA Bar # 277727
E-mail: amy.radon@cfpb.gov
Phone: 202-435-9142

Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552
Fax: (202) 435-7722

LEANNE HARTMAN, CA Bar # 264787 - Local Counsel
Consumer Financial Protection Bureau
301 Howard St., Suite 1200
San Francisco, CA 94105
Phone: (415) 844-9787
Email: leanne.hartman@cfpb.gov
Attorneys for Plaintiff
Consumer Financial Protection Bureau

Attorneys for Plaintiff
Consumer Financial Protection Bureau

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Consumer Financial Protection Bureau, | Case No. 8:17-CV-00161 (JLS) (JEMx) |
| Plaintiff, | **[PROPOSED] STIPULATED PROTECTIVE ORDER** |
| v. | |
| Vincent Howard, Lawrence Williamson, Howard Law, P.C., The Williamson Law Firm, LLC, and Williamson & Howard, LLP, | **HON. JOSEPHINE L. STATON**<br>**Courtroom 10-A (Santa Ana)** |
| Defendants. | |

This matter having come before the Court, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff, the Consumer Financial Protection Bureau ("Bureau"), and Defendants, Vincent Howard, Lawrence W. Williamson, Howard Law, P.C., The Williamson Law Firm, LLC, and Williamson & Howard, LLP (collectively with the Bureau, "Parties"), having stipulated to the process set forth herein, it is hereby ORDERED:

1. PURPOSES AND LIMITATIONS

Discovery in this Action may involve production of confidential, personally identifiable information requiring special protection from public disclosure. Accordingly, the Parties stipulate to and petition the Court to enter this Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. This Order does not automatically authorize the filing under seal of material designated under this Order. Instead, the Parties must comply with Local Rule 79-5 if they seek to file anything under seal. This Order does not govern the use at trial of material designated under this Order.

2. DEFINITIONS

2.1 Action: This case, *Consumer Financial Protection Bureau v. Vincent Howard, Lawrence W. Williamson, Howard Law, P.C., The Williamson Law Firm, LLC, and Williamson & Howard, LLP*, Case No. 8:17-CV-00161, pending in the United States District Court for the Central District of California.

2.2 Challenging Party: A Party or Non-Party that challenges the designation of information or items under this Order.

2.3 CONFIDENTIAL Information or Items: Information (regardless of how it is generated, stored, or maintained) or tangible things containing Personally Identifiable Information.

2.4 Counsel: Outside Counsel of Record and House Counsel (as well as their support

staff).

2.5 Designating Party: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as CONFIDENTIAL.

2.6 Disclosure or Discovery Material: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, unless and until such person is excluded by order of the Court.

2.8 House Counsel: Attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 Law Enforcement Personnel: Employees of a United States federal or state entity charged with enforcing criminal or civil laws.

2.10 Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.11 Outside Counsel of Record: Attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, including support staff.

2.12 Party: Any party to this Action, including all of its officers, directors, employees, consultants, contractors, retained experts, and Outside Counsel of Record.

2.13 Personally Identifiable Information: information which can be used to distinguish or trace an individual's identity, such as their name, address, social security number, biometric records, financial account number, driver's license number, etc., alone or when combined with other personal or identifying information which is inked or linkable to a specific individual, such as date and place of birth, mother's maiden

name, etc."

2.14 <u>Producing Party</u>: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.15 <u>Professional Vendors</u>: Persons or entities that provide litigation-support services (*e.g*., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16 <u>Protected Material</u>: Any Disclosure or Discovery Material that is designated as CONFIDENTIAL.

2.17 <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material from a Producing Party.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial, except as stated explicitly herein.

4. DESIGNATING PROTECTED MATERIAL

4.1 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) For information in documentary form (*e.g*., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the

Producing Party affix at a minimum, the legend CONFIDENTIAL, to the media on which such information is produced, and if practicable on each page that contains protected material. If only a portion of the material on a page qualifies for protection, and if practicable, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins). For information in non-static documentary form (*e.g.*, spreadsheets) for which the application of the legend CONFIDENTIAL is impracticable, a slip or cover sheet with the legend CONFIDENTIAL shall be provided.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed CONFIDENTIAL. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the CONFIDENTIAL legend to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) For testimony given in depositions, the protected testimony the Designating Party identifies: (i) on the record before the close of the deposition; or (ii) up to 14 days after receipt of the deposition transcript if on the record during the deposition or in writing before the end of the next business day after the deposition, the Designating Party indicates an intent to so identify protected testimony. Before the expiration of the 14-day period for designation, a transcript shall be treated during that period as if it had been designated CONFIDENTIAL unless otherwise agreed.

(c) For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the

exterior of the container or containers in which the information is stored the CONFIDENTIAL legend. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

4.2 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5. CHALLENGING CONFIDENTIALITY DESIGNATIONS

5.1 <u>Timing of Challenges</u>. A party objecting to the designation of any document as CONFIDENTIAL may challenge such designation at any time or request the party making such designation identify what information it contends is CONFIDENTIAL. Unless a prompt challenge to a confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens or significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

5.2 <u>Treatment of Challenged Material</u>. In the event a party challenges any designation of information as CONFIDENTIAL, such information shall be deemed confidential under this Order until the challenge is resolved pursuant to the terms of this Order.

5.3 <u>Process for Challenge</u>. A party that challenges a CONFIDENTIAL designation must do so in writing to the designating party. The Challenging Party must identify the challenged material and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the asserted designation. Following written notice to the Designating Party of a challenge, the parties shall have fourteen

(14) days to attempt an informal resolution of the dispute. If attempts at an informal resolution prove unsuccessful, or the Designating Party is unwilling to participate in the meet and confer process, the Challenging Party may notify the Designating Party in writing that it is invoking the final stage of the challenge process.

5.4 <u>Court Review</u>. After the Challenging Party notifies the Designating Party in writing that it is invoking the final stage of the challenge process, the Designating Party if it seeks to maintain the CONFIDENTIAL designation shall, within 21 days of such notification, file a motion with the Court pursuant to Local Rule 37-2.2-4. Pursuant to Local Rule 37-1 the Designating Party shall certify to the Court that the parties have made sincere, good faith efforts to resolve the dispute. Failure by the designating party to file a motion pursuant to Local Rule 37-2.2-4 within 21 days shall automatically waive the confidentiality designation for each challenged designation. The designating party shall have the burden to establish that the information has been appropriately designated as CONFIDENTIAL under the terms of this Order and applicable law. Frivolous challenges and designations, and those made for an improper purpose (*e.g.*, to harass or to impose unnecessary expenses and burdens on other parties) may expose the challenging or designating party to sanctions.

6. ACCESS TO AND USE OF PROTECTED MATERIAL

6.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action unless another use is authorized by this Order or permitted by federal statute or regulation applicable to the Bureau. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order and as permitted by federal statute or regulation applicable to the Bureau. When the Action has been terminated, a Receiving Party must comply with the provisions of section 10 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the

persons authorized under this Order.

6.2 <u>Disclosure of CONFIDENTIAL Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) The officers, directors, employees (including House Counsel) and contractors of the Receiving Party;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) The court and its personnel;

(e) Court reporters and their staff;

(f) Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) they will not be permitted to keep any confidential information unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(i) Any mediator or settlement officer, and their supporting personnel, mutually

agreed upon by any of the Parties engaged in settlement discussions; and

(j) To a federal or state agency or entity by the Bureau where the disclosure is required or permitted by statute or regulation.

## 7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order or other legal process, including discovery requests, issued in other litigation that compels disclosure of any information or items designated in this Action, as CONFIDENTIAL that Party must:

(a) Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order or other legal process;

(b) Promptly notify in writing the party who caused the subpoena or order or other legal process to issue in the other litigation, that some or all of the material covered by the subpoena or order or other legal process is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as CONFIDENTIAL before a determination by the court from which the subpoena or order or other legal process issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately: (a) notify in writing

the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. MISCELLANEOUS

   9.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

   9.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

   9.3 <u>Filing Protected Material</u>. Without written permission from the Designing Party or a Court order, a Party may not file in the public record in this Action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. The fact that a document has been designated under this Order is insufficient to justify filing under seal. Instead, Parties must explain the basis for confidentiality of each document sought to be filed under seal. Because a Party other than the designator will often be seeking to file designated material, cooperation between the Parties in preparing, and in reducing the number and extent of, requests for under seal filing is essential. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

10. FINAL DISPOSITION

   The confidentiality obligations imposed by this Order shall remain in effect until a

Designating Party agrees otherwise in writing, a court order otherwise directs or the Action reaches final disposition. Final disposition shall be deemed to be the later of: (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

After the final disposition of this Action, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material or retain such material in compliance with federal recordkeeping requirements in a manner that ensures the confidentiality of the material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material except as required to comply with federal recordkeeping requirements. Whether the Protected Material is returned, destroyed, or retained pursuant to federal recordkeeping requirements, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that: (1) identifies (by category, where appropriate) all the Protected Material that was returned, destroyed or retained pursuant to federal recordkeeping requirements; and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material except as required pursuant to federal recordkeeping requirements. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

1  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

3  DATED: 10/11/17                    Jan Singelmann
4                                     Attorney for Plaintiff

6  DATED: 10/11/17                    /Doug Vanderpool
7                                     Attorney for Defendants

9  IT IS SO ORDERED.
10 DATED: October 13, 2017            _John E. McDermott_____
                                      United States Magistrate Judge