1  Douglas B. Vanderpool, Esq. (SBN 162857)
   Heather A. Tovar, Esq. (SBN 237004)
2  THE VANDERPOOL LAW FIRM
3  330 Main Street, Suite 203B
   Seal Beach, CA 90740
4  Tel: 562.431.6900
5  Fax: 714.276.0558
6  Email: doug@vanderpool-law.com; heather@vanderpool-law.com

7  Attorneys for Defendants, Howard Law, P.C. The Williamson Law Firm, LLC,
8  Williamson & Howard, LLP, Vincent D. Howard, and Lawrence Williamson

9
                    **UNITED STATES DISTRICT COURT**
10
                   **CENTRAL DISTRICT OF CALIFORNIA**
11

12  CONSUMER FINANCIAL          ) Case No. 8:16-cv-00161-JLS-JEMx
13  PROTECTION BUREAU,          ) Assigned to the Hon. Josephine L.
                                ) Staton
14              Plaintiff,      )
15                              ) **DEFENDANTS' MEMORANDUM**
16       v.                     ) **OF POINTS AND AUTHORITIES**
                                ) **IN SUPPORT OF MOTION FOR**
17  VINCENT HOWARD, LAWRENCE    ) **SUMMARY JUDGMENT OR, IN**
18  W. WILLIAMSON, HOWARD LAW   ) **THE ALTERNATIVE, FOR**
    FIRM, P.C., THE WILLIAMSON  ) **PARTIAL SUMMARY JUDGMENT**
19  LAW FIRM, LLC, AND          ) **ON PLAINTIFF'S COMPLAINT**
20  WILLIAMSON & HOWARD, LLP,   ) **AND COUNTS I THROUGH III**
                                ) **THEREIN**
21              Defendants.     )
                                ) [Filed Concurrently with Notice of Motion,
22                              ) Statement of Uncontroverted Facts and Conclusions
23                              ) of Law (L.R. 56-1); Defendants' Evidence and
                                ) Request for Judicial Notice].
24                              )
25                              ) **DATE:      May 4, 2018**
                                ) **TIME:      2:30 p.m.**
26                              ) **CTRM:      10A**
27                              )
28                              )

## **TABLE OF CONTENTS**

I.     PERTINENT FACTS AND SUMMARY OF ARGUMENT...................1

II.    PRINCIPLES GOVERNING SUMMARY JUDGMENT.....................3

III.   ALL THREE COUNTS OF PLAINTIFF'S COMPLAINT ARE TIME-
       BARRED UNDER THE THREE-YEAR STATUTE OF LIMITATIONS
       OF 12 U.S.C. § 5564(g)(1)..............................................5

       A.   Plaintiff's Action Has Been Brought under 12 U.S.C. § 5565(a), as to
            Which the Three (3) Year Statute of Limitations of 12 U.S.C.
            §5564(g) is Applicable........................................................5

       B.   As a Matter of Law, Plaintiff "Discovered" Its Cause of Action When
            It was First Aware or Should Have Been Aware of Both the Fact Of
            Injury and Its Causal Connection to Defendants.....................5

       C.   Plaintiff's Instant Action Against Defendants Accrued No Later than
            on June 12, 2012 When Plaintiff Served a Civil Investigative Demand
            ("CID") on Defendant Howard pursuant to 12 C.F.R. §1080.5.........6

       D.   Outside of the Context of RICO and Copyright Actions, There is No
            "Separate Accrual Rule" Applicable to Actions Subject to the
            Limitations Period of 12 U.S.C. §5564(g)(1)...........................13

IV.    EVEN IF A SEPARATE ACCRUAL RULE WERE AVAILABLE,
       PARTIAL SUMMARY JUDGMENT SHOULD NONETHELESS BE
       GRANTED AS TO ALL ALLEGED VIOLATIONS PREDATING
       JANUARY 29, 2014 (*i.e.*, MORE THAN THREE YEARS BEFORE THE
       JANUARY 30, 2017 FILING OF THIS ACTION)...........................16

V.     CONCLUSION.....................................................................16

## TABLE OF AUTHORITIES

**CASES**

*Anderson v. Liberty Lobby, Inc.* (1986) 477 U.S. 242, 256...........................4

*Avila v. Willits Enc. Remed. Tr.*, 633 F.3d 828, 841 (9th Cir. 2011)................5

*Celotex Corp. v. Catrett* (1986) 477 U.S. 317, 325..............................3, 4, 5

*EEOC v. Boeing Co.* 577 F.3d 1044, 1050 (9th Cir. 2009)..........................12

*Gabelli v. Securities and Exchange Commission* (2013) 568 U.S. 442, 448.....3, 15

*Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996)...............................14

*Jolly v. Eli Lilly &Co. (1988) 44 Cal.3d 1103, 1112*....................................1

*Kaplan v. Rose,* 49 F.3d 1363, 1370 (9th Cir. 1994)..................................13

*Lamie v. U.S. Trustee*, (2004) 540 U.S. 526, 534....................................14

*Lane v. Dept. of Interior,* 523 F.3d 1128, 1140 (9th Cir. 2008)......................4

*Magana v. No. Mariana Isl.*, 107 F.3d 436, 1446 (9th Cir. 1997)....................4

*Matsushita Elect. Indust. Co., Ltd., v. Zenith Radio Corp.* (1986) 475 U.S. 574, 586...........................................................................................4

*Nissan Fire & Marine Ins. Co. v. Fritz Co.,* 210 F.3d 1099, 1102 (9th Cir. 2000)...4

*O'Connor v. Boeing N. Am., Inc.*, 311 F.3d 1139, 1147 (9th Cir. 2002)...........2, 6

*Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S.Ct. 1962, 1969......................14

*Railroad Telegraphers v. Railway Express Agency, Inc.* (1994) 321 US 342, 349.........................................................................................15, 16

*Robi v. Five Platters, Inc.*, 918 F.2d 1439, 1441 (9th Cir. 1990).....................4

*Rotella v. Wood* (2000) 528 US 549, 555..........................................15, 16

*United States v. Kubrick* (1979) 444 U.S. 111.................................................2, 6

*United States v. Lindsay* (1954) 346 U.S. 568, 569.................................15

*Wang Labs, Inc. v. Mitsubishi Elect. Amer., Inc.*, 860 F.Supp. 1448, 1450 (C.D. Cal. 1993)..................................................................................5

*Wilson v. Garcia* (1985) 471 US 261, 271.........................................15

*Wood v. Elling Corp.* (1977) 30 Cal.3d 353, 362.................................16

*Wynn v. Reconstruction Fin. Corp.*, 212 F.2d 953, 955 (9th Cir. 1954)............5

**STATUTES**

Fed.R.Civ.P. Rules 56(a)................................................................5

Fed.R.Civ.P. Rule 56(c).................................................................4

Fed.R.Civ.P. Rules 56(g)................................................................5

12 U.S.C. §5564.......................................................................14

12 U.S.C. § 5564(g).................................................................1, 5

12 U.S.C. 5564(g)(1)...........................1, 2, 3, 5, 6, 7, 13, 14, 15, 16

12 U.S.C. §5565....................................................................... 14

12 U.S.C.§5565(a)..................................................................1, 5

12 C.F.R. §1080.5..........................................................2, 6, 9, 10, 12

16 C.F.R. §310.1.................................................2, 6, 10, 12, 13, 15

16 C.F.R. §310.3....................................................................12, 13

16 C.F.R. §310.3(a).....................................................................8

16 C.F.R. §310.3(a)(2)(ii)...............................................................7, 9

16 C.F.R. §310.3(a)(2)(x)...............................................................7, 9

16 C.F.R. §310.3(b)............................................................................8

16 C.F.R. §310.4...........................................................................8, 13

16 C.F.R. §310.4(a)(5)(i)...................................................................9

## I.   PERTINENT FACTS AND SUMMARY OF ARGUMENT

"The fundamental purpose of the statute of limitations is to give defendants reasonable repose, that is, to protect parties from defending stale claims.  A second policy underlying the statute is to require plaintiffs to diligently pursue their claims." (*Jolly v. Eli Lilly &Co. (1988) 44 Cal.3d 1103, 1112.*) Here, the CFPB did not diligently pursue its claims against these moving Defendants.  The Defendants are therefore entitled to "reasonable repose" and summary judgment granted in their favor.

This is the second action brought by Plaintiff Consumer Financial Protection Bureau ("Plaintiff" or "CPFB") arising out of the very same alleged unlawful debt relief services "scheme" already the subject of a prior, almost identical action filed in this Court on August 20, 2013, styled *Consumer Financial Protection Bureau v. Morgan Drexen, Inc.,* U.S.D.C. Case No. 8:13-01267 ("Morgan Drexen Case").

As this Court knows, Defendants were never added or joined as parties to the Morgan Drexen Case.  After a loss at the Ninth Circuit, Plaintiff  filed this second action on January 30, 2017, alleging the very same unlawful debt relief services "scheme" (and the very same concomitant supporting alleged violations of 16 C.F.R. § 310.1), *et seq.,* as in the Morgan Drexen Case.

Both this suit and the Morgan Drexen Case were brought by Plaintiff under Title 12 of the U.S. Code, Section 5565(a). (*See,* Complaint (ECF 1) ¶ 99, p. 18:17-22.)  12 U.S.C. § 5564(g) prescribes the time for bringing this action under Title 12. 12 U.S.C. 5564(g)(1) expressly states "except as otherwise permitted by law or equity, no action may be brought under this title more than 3 years after the date of discovery of the violation to which an action relates."[1]  Plaintiff's instant

---

[1] Plaintiff has conceded to this Court that the applicable statute of limitations is three years.  Mr. Singelmann told this Court the following: "The relevant statute of limitations is going to be under the TSR which doesn't specifically

lawsuit, based on the very same alleged "scheme," on virtually identical allegations in the Morgan Drexen Case, accrued at the time Plaintiff first became aware, or should have become aware, of both the fact of injury and its causal connection to the defendant. (*United States v. Kubrick* (1979) 444 U.S. 111; *O'Connor v. Boeing N. Am., Inc.*, 311 F.3d 1139, 1147 (9th Cir. 2002).)

Defendant's June 27, 2017 Answer to Plaintiff's Complaint alleges as their Seventh Affirmative Defense that the Plaintiff's Complaint is barred in whole or in part by the Statute of Limitations.  (Statement of Uncontroverted Facts ["SUF"] 34).

Plaintiff's action is barred by the 3-year limitations provision of 12 U.S.C. §5564(g)(1), because Plaintiff "discovered," *i.e.*, was clearly aware of both the fact of injury (*i.e.*, the alleged violations of 16 C.F.R. Sec. 310.1, *et* seq., to which this action  relates, *i.e.*, the allegedly unlawful debt relief services scheme) and its causal connection to the Defendants herein, no later than June 12, 2012 when Plaintiff first served an extensive Civil Investigative Demand ("CID") directly on Defendant Howard pursuant to 12 C.F.R. §1080.5. (Exhibit 1 to the Declaration of Vincent Howard [hereinafter "Howard Decl."].)

The contents of the CID, and regulatory requirements of Section 1080.5 expressly compelling Plaintiff to disclose at that time the specific regulations violated by Defendants, then identified as 16 C.F.R. §310.1, *et seq.,* conclusively establish that Plaintiff was amply aware of the "violations to which [this] action relates" by no later than June 12, 2012, as those same specific violations are specified as the regulatory authority and grounds for issuing the CID (as well as circumscribe its scope).  Plaintiff's decision to postpone filing the instant lawsuit

include a statute of limitations but if one was imported from the CFPA or the FTC Act, it would be three years." (Transcript of February 10, 2017 Hearing, at 9:14-17.)

until January 30, 2017, *i.e.,* ***more than four and one-half (4-1/2) years after it had already discovered "the violations to which th[is] action relates"*** renders its instant lawsuit time-barred as a matter of law under the three-year statute of limitations of 12 U.S.C. §5564(g)(1).  Accordingly, Defendants are entitled to summary judgment on all three untimely-filed counts of the Complaint as a matter of law.

Further, no "Separate Accrual Rule" is found in Section 5564(g)(1). No language in Section 5564(g)(1) implies any such congressional intent.  Nor has any federal authority judicially created any such rule applicable to civil actions under Section 5564(g)(1).  That Congress intended such a rule is unlikely because it is wholly inimical to the purposes of fairness and finality underlying the strict construction of statutory limitations on civil actions brought by U.S. governmental agencies as was established by the  Supreme Court in *Gabelli v. Securities and Exchange Commission* (2013) 568 U.S. 442, 448.

Plaintiff cannot escape the manifest untimeliness of its belated filing of this action on the basis of subsequent alleged like violations underlying the very same singular "scheme" post-dating January 29, 2014 (*i.e.,* within three years of the filing of this action).  However, even if such a rule were extant, Defendants would be and are entitled to partial summary judgment as a matter of law on all three counts alleged in the Complaint as to any allegations pre-dating January 29, 2014, because all such claims are plainly time-barred under 12 U.S.C. §5564(g)(1).

## II.   PRINCIPLES GOVERNING SUMMARY JUDGMENT

A motion for summary judgment "pierces" the pleadings and puts the opponent to the test of affirmatively coming forward with sufficient evidence for its claims or defenses to create a genuine issue for trial. (*Celotex Corp. v. Catrett* (1986) 477 U.S. 317, 325.)  Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions ads on file, together with

1   the affidavits, if any, show that there is no genuine issue as to any material fact and

2   that the moving party is entitled to a judgment as a matter of law." (Fed.R.Civ.P.

3   Rule 56(c); *Celotex, supra*, 477 U.S. at 322-23.) Affirmative defenses may be

4   adjudicated on summary judgment. (*Magana v. No. Mariana Isl.*, 107 F.3d 436,

5   1446 (9th Cir. 1997); *Robi v. Five Platters, Inc.*, 918 F.2d 1439, 1441 (9th Cir.

6   1990).)

7          The moving party has the initial burden of production to demonstrate the

8   absence of a genuine issue of fact for trial. (*Anderson v. Liberty Lobby, Inc.* (1986)

9   477 U.S. 242, 256.)  A moving party may carry its burden of production by

10  negating an essential element of Plaintiff's claim and/or showing the opposing

11  party does not have enough evidence of an essential element of its claim to carry

12  its ultimate burden of persuasion at trial. (*Nissan Fire & Marine Ins. Co. v. Fritz

13  Co.*, 210 F.3d 1099, 1102 (9th Cir. 2000).)  "Summary judgment for a defendant is

14  appropriate when the plaintiff fails to make a showing sufficient to establish the

15  existence of an element essential to that party's case, and on which that party will

16  bear the burden of proof at trial." (*Celotex, supra*, at 322.)

17

18         Once moving party has met its burden of production, the opposing party

19  must produce admissible evidence demonstrating a genuine dispute as to any

20  material facts on all matters on which it has the burden of proof. *Celotex, supra*, at

21  324; *Lane v. Dept. of Interior,* 523 F.3d 1128, 1140 (9th Cir. 2008).

22         Opposing party's evidence "must do more than simply show there is some

23  metaphysical doubt as to the material facts." (*Matsushita Elect. Indust. Co., Ltd.,

24  v. Zenith Radio Corp.* (1986) 475 U.S. 574, 586.) "The mere existence of a scintilla

25  of evidence in support of [Plaintiff's] position will be insufficient; there must be

26  evidence on which the jury could reasonably find for [Plaintiff]." (*Anderson,

27  supra*, at 252.)  "A complete failure of proof concerning an essential elements of

28  the non-moving party's case necessarily renders all other facts immaterial."

(*Celotex, supra*, at 323.)  Whether the plaintiff's claim is time-barred by a specific statute of limitation is among the issues that may properly be adjudicated be on summary judgment.  (*See, e.g., Avila v. Willits Enc. Remed. Tr.*, 633 F.3d 828, 841 (9th Cir. 2011).)

Partial summary judgment is equally authorized under Fed.R.Civ.P. Rules 56(a) and 56(g).  (*Wynn v. Reconstruction Fin. Corp.*, 212 F.2d 953, 955 (9th Cir. 1954).)  "Upon a showing that there is no genuine dispute of material fact as to particular claim(s) or defense(s), the court may grant summary judgment in party's favor on 'each claim or defense --- or each part of each claim or defense -- on which summary judgment is sought.'" (*Ibid.*; *Wang Labs, Inc. v. Mitsubishi Elect. Amer., Inc.*, 860 F.Supp. 1448, 1450 (C.D. Cal. 1993).)

## III.   ALL THREE COUNTS OF PLAINTIFF'S COMPLAINT ARE TIME-BARRED UNDER THE THREE-YEAR STATUTE OF LIMITATIONS OF 12 U.S.C. § 5564(g)(1).

### A.   Plaintiff's Action Has Been Brought under 12 U.S.C. § 5565(a), as to Which the Three (3) Year Statute of Limitations of 12 U.S.C. §5564(g) is Applicable.

Plaintiff's action has been brought pursuant to its statutory authority granted under Title 12 of the U.S. Code, Section 5565(a).  *See,* Complaint (ECF 1) ¶99, p. 18:17-22.  Section 5564(g) prescribes the time for bringing this action under Title 12.  Section 5564(g)(1) expressly states that "except as otherwise permitted by law or equity, no action may be brought under this title more than 3 years after the date of discovery of the violation to which an action relates."

### B.   As a Matter of Law, Plaintiff "Discovered" Its Cause of Action When It was First Aware or Should Have Been Aware of Both the Fact Of Injury and Its Causal Connection to Defendants.

Under settled federal law, a "discovery rule" requires that a cause of action accrues when plaintiff becomes aware, or should have become aware, of both the fact of injury and its causal connection to the defendant, although the plaintiff need not know that the defendant's conduct is unlawful. (*See, e.g., United States v. Kubrick,* (1979) 444 U.S. 111, 122 (discovery rule under Federal Tort Claims Act); *O'Connor v. Boeing N. Am., Inc.*, 311 F.3d 1139, 1147 (9th Cir. 2002).)

**C.** **Plaintiff's Instant Action Against Defendants Accrued No Later than on June 12, 2012 When Plaintiff Served a Civil Investigative Demand ("CID") on Defendant Howard pursuant to 12 C.F.R. §1080.5.**

Plaintiff's action is barred by the 3-year limitations provision of 12 U.S.C. §5564(g)(1), because Plaintiff was clearly aware of both the fact of injury (*i.e.*, the alleged violations of 16 C.F.R. §310.1, *et* seq., to which this action relates, *i.e.*, the allegedly unlawful debt relief services scheme) and its causal connection to the Defendants herein, no later than June 12, 2012, when Plaintiff first served an extensive Civil Investigative Demand ("CID") directly on Defendant Howard pursuant to 12 C.F.R. §1080.5. (Ex. 1 to Howard Decl.) The contents of the CID, and regulatory requirements of Section 1080.5 expressly compel Plaintiff to disclose, at that time, the specific regulations violated by Defendants, then identified as 16 C.F.R. §310.1, *et seq.*, conclusively establish that Plaintiff was amply aware of the "violations to which [this] action relates" by no later than June 12, 2012, as those same specific violations are specified as the regulatory authority and grounds for issuing the CID (as well as circumscribe its scope). Plaintiff's inexplicable failure to have thereafter filed the instant lawsuit until January 30, 2017, i.e., ***more than four and one-half (4-1/2) years after it had already discovered "the violations to which th[is] action relates"*** renders its instant lawsuit time-barred as a matter of law under the three-year statute of limitations of

12 U.S.C. §5564(g)(1).

The gravamen of Plaintiff's instant lawsuit is that Defendants engaged in an "unlawful scheme" to offer debt relief services that originated in 2007. (Statement of Uncontroverted Facts ["SUF"] No. 1; Plaintiff's Complaint (ECF 1) ¶31). Plaintiff alleges that in advancing their "unlawful scheme" originating in 2007, Defendants aligned themselves with a company called Morgan Drexen, Inc. (SUF 2 - Plaintiff's Complaint (ECF 1) ¶31). Plaintiff alleges that, before October 27, 2010, Defendants changed the debt relief "scheme" so as to consist of two separate contracts for consumers to sign, one labeled as being for debt relief services and one which was labeled as being for bankruptcy-related services. (SUF 3 - Plaintiff's Complaint (ECF 1) ¶38). Plaintiff alleges this unlawful debt relief "scheme" consisted of the two-contract debt relief model designed by the Defendants to disguise consumers' payments of unlawful fees for debt relief services. (SUF 4 - Complaint (ECF 1) ¶41).

Each of the three (3) Counts of Plaintiff's Complaint alleges that Defendants' unlawful debt relief "scheme" forming the basis for this action began as of October 27, 2010. (SUF 5 - Plaintiff's Complaint (ECF 1) ¶¶88, 80 (incorporating ¶88), and 94 (incorporating ¶88)). Plaintiff alleges that, throughout this time, Morgan Drexen was Defendants' agent in offering and providing unlawful debt relief services supporting the "scheme." (SUF 6 - Plaintiff's October 23, 2017 Response to Defendants Interrogatory No. 1, at p. 3:23-24 (Ex. 1 to the Declaration of Douglas B. Vanderpool [hereinafter "Vanderpool Decl."])

Count II of Plaintiff's Complaint alleges Defendants promulgated deceptive advertising and marketing relating to charges of advance fees for debt relief services as part of the "scheme," in violation of 16 C.F.R. §310.3(a)(2)(ii) and (x). (SUF 7 - Plaintiff's Complaint (ECF 1) ¶¶91-93).

Plaintiff alleges that Defendants' advertising and marketing of the "scheme"

began on December 8, 2010. (SUF 8 - Plaintiff's Complaint (ECF 1) ¶44).  Plaintiff

contends Defendants' consumer enrollment allegedly resulting from the "scheme's"

advertising of no upfront fees began as of April 2011. (SUF 9 - Plaintiff's October

23, 2017 Response to Defendant's Interrogatory No. 5, at p. 15:1-10 (Ex. 1 to

Vanderpool Decl.) Plaintiff contends Defendant Howard recruited attorneys to

become part of a debt relief services network of local counsel starting in 2007 as

part of the "scheme." (SUF 10 - Plaintiff's October 23, 2017 Response to

Defendant's Interrogatory No. 7, at p. 19:13-14 (Ex. 1 to Vanderpool Decl.)

Plaintiff contends that "in late 2010" Defendant Howard conducted formal

training for Morgan Drexen employees and would supervise their performance

under the "scheme." (SUF 11 - Plaintiff's October 23, 2017 Response to

Defendant's Interrogatory No. 7, at p. 20:9-12 (Ex. 1 to Vanderpool Decl.)

Count III of Plaintiff's Complaint alleges that Defendants' unlawful debt

relief "scheme" violated 16 C.F.R. §310.3(b) by providing substantial assistance to

Morgan Drexen, while knowing that Morgan Drexen was engaged in the unlawful

"scheme" that violated 16 C.F.R. §§310.3(a) and 310.4.  (SUF 12 - Plaintiff's

Complaint (ECF 1) ¶¶95-97)).

Plaintiff contends Defendants began developing their debt relief business

"scheme" by providing substantial assistance in creating to Morgan Drexen and

implementing the allegedly unlawful debt relief "scheme" as early as 2007. (SUF

13 - Plaintiff's October 23, 2017 Response to Defendants Interrogatory No. 8, at

pp. 22:13-14 and 23:17-18 (Ex. 1 to Vanderpool Decl.)  Plaintiff contends

Defendants substantially assisted Morgan Drexen in violating the TSR as of

October 27, 2010. (SUF 14 - Plaintiff's October 23, 2017 Response to Defendants

Interrogatory No. 8, at pp. 22:13-14 and 23:17-18 (Ex. 1 to Vanderpool Decl.)

Plaintiff contends that even though Defendant Williamson and Howard was

incorporated in 2012, it is nonetheless jointly and severally liable for acts and

1  practices of the other Defendants because Defendants have operated their debt

2  relief "scheme" as a common enterprise using an interrelated network of

3  companies that have common business functions, employees, and offices. (SUF 15

4  - Plaintiff's October 23, 2017 Response to Defendants Interrogatory No. 8, at pp.

5  22:20-26 (Ex. 1 to Vanderpool Decl.)

6      On August 20, 2013, Plaintiff filed suit in this Court against Morgan

7  Drexen, Inc., Case No. 8:13-cv-01267 ("Morgan Drexen Case").  (SUF 16 -

8  Plaintiff's Complaint (ECF 1) ¶59; Aug. 2, 2013 Morgan Drexen Case Complaint,

9  Defendants' Request for Judicial Notice ["RJN"] Ex. 1).  In Count I of the Morgan

10  Drexen Case, Plaintiff alleged that Defendants therein violated the TSR at 16

11  C.F.R. §310.4(a)(5)(i) via the very same "scheme" now realleged herein, by

12  charging advance fees before debt relief services were provided. (SUF 17 - Morgan

13  Drexen Complaint, Aug. 2, 2013 Morgan Drexen Case Complaint, ¶¶75-76, pp.

14  15:20-16:4, Defendants' RJN Ex. 1)).  In Count III of the Morgan Drexen Case,

15  Plaintiff alleged that Defendants' "scheme" therein violated the TSR at 16 C.F.R.

16  §310.3(a)(2)(ii) and (x) by erroneously representing to consumers that they are not

17  charged for advance fees for Defendants' debt relief services. (SUF 18 - Morgan

18  Drexen Complaint, Aug. 2, 2013 Morgan Drexen Case Complaint, ¶¶81-83, pp.

19  16:20-17:3, Defendants' RJN Ex. 1).

20

21      However, on June 12, 2012, more than a full year before the Morgan Drexen

22  case was even filed, Plaintiff had served the CID on Defendant Howard pursuant to

23  12 C.F.R. §1080.5. (SUF 19 – Ex. 1 to Howard Decl.) As noted above, 12 C.F.R.

24  §1080.5 mandatorily required that Plaintiff expressly disclose to Defendant *at that*

25  *time* the specific nature of the conduct constituting the alleged violation under

26

27

28

investigation and the provisions of law applicable to such violation.[2]  This means Plaintiff was necessarily aware no later than the date of its June 12, 2012 CID served on Defendant Howard, of both "***the nature of the conduct constituting the alleged violation that is under investigation and the provisions of law applicable to such violation.***" 12 C.F.R. §1080.5. (SUF 20) [Emphasis added.]

Plaintiff's June 12, 2012 CID's admitted purpose was, *inter alia,* "to determine whether debt relief providers, or other unnamed persons have engaged or are engaging in unlawful acts or practice in the advertising, marketing, or sales of debt relief services or products, including but not limited to debt negotiation, debt elimination, debt settlement, credit counseling...in violation of...the Telemarketing Sales Rule, 16 C.F.R. §310.1, *et seq.*..."  (SUF 21 – Ex. 1 to Howard Decl. at p. 1).

The extensive interrogatories set forth by Plaintiff in its CID left absolutely no doubt that, at least by June 12, 2012, Plaintiff had already become well aware of both "the violations to which [the] causes of action [herein] relate[d]" and the connection to these Defendants (with Vincent Howard at its center focus). For example, Plaintiff's June 12, 2012 CID contained interrogatories expressly requesting, *inter alia*:

- Identification of each law firm in which Vincent Howard has or had a management or ownership interest that did business with, or received the services of, Morgan Drexen. (SUF 22 – Ex. 1 to Howard Decl. at p. 6, Interrog. No. 2);

- Identification of all services provided, directly or indirectly, by Howard Law to Morgan Drexen, or Morgan Drexen to Howard Law, the fee

---

[2]/   12 C.F.R. § 1080.5 states: "Any person compelled to furnish documentary material, tangible things, written reports or answers to questions, oral testimony, or any combination of such material, answers, or testimony to the Bureau ***shall be advised of the nature of the conduct constituting the alleged violation that is under investigation and the provisions of law applicable to such violation.***" [emphasis supplied]

charged for each service identified, the person charging the fee and the person who whom the fee is charged. (SUF 23 – Ex. 1 to Howard Decl. at p. 6-7, Interrog. No. 5.);

- Identification of "the Clients with whom Howard Law or Local Attorneys entered into any of the following agreements: a. Attorney/Client Fee Agreement- Debt Resolution Representation; and b. Attorney/Client Bankruptcy Fee Agreement..." (SUF 24 - June 12, 2012 CID, Ex. 1 to Howard Decl. at p. 7, Interrog. No. 9);

- A description of "how Howard Law supervises or monitors the services that Morgan Drexen or its vendors or contractors provides to Howard Law, Engagement Attorneys, Local Attorneys, or Clients and identify each activity that Howard Law supervises or monitors." (SUF 25 - June 12, 2012 CID, Ex. 1 to Howard Decl.at p. 8, Interrog. No. 10.);

- Identification of "each bank or trust account from which payments were made from Morgan Drexen to Howard Law; from which payments were made from Howard Law to Morgan Drexen; and in which Clients' funds are deposited. For each such account, identify: a) who is authorized to withdraw funds from the account; b) the name on the account; c) the type of account, including whether it is an interest bearing account; d) any agreements (other than those with the bank itself) that govern the management of the funds in the account." (SUF 26 - June 12, 2012 CID, Ex. 1 to Howard Decl. at p. 8, Interrog. No. 14.);

- A description of how and when Howard Law first learned about Morgan Drexen and how and when it started its affiliation with Morgan Drexen. (SUF 27 - June 12, 2012 CID, Ex. 1 to Howard Decl.at p. 8, Interrog. No. 17); and

- A description of any ownership interest that Howard Law, or any partner of Howard Law, has in Morgan Drexen. (SUF 28 - June 12, 2012 CID, Ex. 1 to Howard Decl. at p. 9, Interrog. No. 19.)

On summary judgment the Court considers not only moving party's direct evidence, but also any reasonable non-speculative inferences drawn from direct evidence. (*EEOC v. Boeing Co.* 577 F.3d 1044, 1050 (9th Cir. 2009).)  Given the compulsory disclosure requirements of 12 C.F.R. §1080.5 (compelling disclosure of both "***the nature of the conduct constituting the alleged violation that is under investigation and the provisions of law applicable to such violation***"), the detailed and far-reaching contents of Plaintiff's June 12, 2012 CID upon served on Defendant Howard, and the reasonable inferences mandatorily drawn therefrom, Plaintiff had plainly discovered its causes of action alleged in this lawsuit under the TSR and 16 C.F.R. §310.1 *et* seq. against the Defendants in this case, as of that date. (SUF 29 - June 12, 2012 CID, Ex. 1 to Howard Decl.)  Plaintiff admits as of in 2012 it was aware Defendant Williamson and Howard was incorporated, and at that time allegedly became jointly and severally liability for acts and practices of the other Defendants named herein as part of a common enterprise. (*See,* SUF 15 - Plaintiff's October 23, 2017 Response to Defendants Interrogatory No. 8, at pp. 22:20-26 (Ex. 1 to Vanderpool Decl.)

Despite this awareness of its claims against these Defendants as early as June 12, 2012, Plaintiff chose not to name any of the Defendants herein as defendants in the Morgan Drexen Case at any time.  (SUF 30 - Register of Actions in Morgan Drexen Case, Defendants' RJN Ex. 2)

Plaintiff's instant lawsuit (filed on January 30, 2017) was also filed more than three years after it had previously filed the Morgan Drexen Case on August 20, 2013, alleging the very same unlawful debt relief services "scheme" (and the same concomitant regulatory violations of 16 C.F.R. 310.3 against Morgan Drexen therein) that it now alleges as the basis for this action brought solely against the attorney Defendants herein. This begs the question why Plaintiff did not simply amend the Morgan Drexen Case Complaint to join these Defendants therein while

1   that action was still pending?  Certainly the obvious and most likely answer is that

2   Plaintiff likely would have been precluded from being granted leave to amend

3   because it had been well aware of the identity and alleged involvement of these

4   attorney Defendants for more than a year before the action was filed, *i.e.*, since at

5   least before service of its June 12, 2012 CID on Defendant Howard, yet Plaintiff

6   elected not to have included them in its initial pleading in the Morgan Drexen

7   Case.  (*See, e.g., Kaplan v. Rose,* 49 F.3d 1363, 1370 (9th Cir. 1994).)

8        Regardless of the reason, Plaintiff's failure to have brought this action

9   against these attorney Defendants for more than four and one-half (4-1/2) after it

10  had already discovered Defendants' alleged unlawful debt relief services "scheme"

11  purportedly violated 16 C.F.R. §§310.3 and 310.4, renders the instant action time-

12  barred as a matter of law under 12 U.S.C. §5564(g)(1).

13      **D.    Outside of the Context of RICO and Copyright Actions, There is**
14      **No "Separate Accrual Rule" Applicable to Actions Subject to the**
15      **Limitations Period of 12 U.S.C. §5564(g)(1).**

16      It is significant that Plaintiff's Complaint alleges all three counts of the

17  Complaint alleged violations of the TSR arise out of a common enterprise,

18  unlawful debt relief service "scheme" that began in 2007 and was modified in

19  2010.  It is the very same "scheme" alleged in the Morgan Drexen Case.  The

20  factual allegations of the Morgan Drexen Case are substantially identical to those

21  alleged in this case.  It is this alleged singular "scheme" that Plaintiff has sought to

22  enjoin and to which it seeks to apply civil penalties.

23      Plaintiff may argue that even if the instant action arising out of the "scheme"

24  (and its violations of Section 310.1, *et seq.*), of which Plaintiff had become well

25  aware by at least June 12, 2012, was untimely filed under Section 5564(g)(1), new

26  statutes of limitation nonetheless separately accrued on the some of the underlying

27  debt relief "scheme's" individual components since January 30, 2014 (within three

28

years prior to the filing of this lawsuit).

However, no known federal authority has yet to hold the so-called "separate accrual rule" applicable to actions brought under 12 U.S.C. §§5564 and 5565. Indeed, outside the context of RICO[3] and copyright[4] cases, the Separate Accrual Rule is inapplicable and unavailable. Nothing in Title 12 of the U.S. Code, including anywhere in Section 5564, states or remotely suggests Congress intended the Act to apply or include a "separate accrual" rule as to actions brought under Title 12 by the Plaintiff. On the contrary, the very language of Section 5564(g)(1), uses the phrase "the ***violation*** to which ***the action*** relates," *i.e.*, in singular not plural tense [emphasis supplied] thus connoting an intent that once the CFPB becomes aware of "the violation" as part of an unlawful "scheme" and brings "an action" thereon under Title 12, the three-year limitation period accrues ***at that time***, *and does not reaccrue perpetually on subsequent identical violations allegedly committed as part of the same alleged "scheme."* Had Congress intended such a meaning is could have and presumably would have so stated in Section 5564(g)(1). Courts may not rewrite this statute nor insert additional words Congress did not include.  (*See, e.g., Lamie v. U.S. Trustee,* (2004) 540 U.S. 526, 534.)

Here, Plaintiff's action alleges a single unlawful debt relief services "scheme" undertaken by Defendants (along with Morgan Drexen) as early as 2007, modified in 2010, that was transferred from Morgan Drexen to Defendants unchanged as early as 2014, and that Plaintiff knew since before June 2012, was allegedly violative of 16 C.F.R. §310.1, *et seq.*   That Plaintiff's three counts action arising on the singular, alleged "scheme" accrued as of June 12, 2012, did not reaccrue perpetually on any further violations under the very same alleged

---

[3]/     *See, Grimmett v. Brown,* 75 F.3d 506, 510 (9th Cir. 1996)
[4]/     *See, e.g., Petrella v. Metro-Goldwyn-Mayer, Inc.,* __ U.S. __, 134 S.Ct. 1962, 1969, 188 L.Ed.2d 979 (2014)

1   "scheme," is also supported by the purpose underlying of statutes of limitations on

2   civil actions brought by agencies of the U.S. government.

3       "In common parlance a right accrues when it comes into existence...'

4   (*United States v. Lindsay* (1954) 346 U.S. 568, 569.)  This standard rule of accrual

5   "...sets a fixed date when exposure to the specified Government enforcement

6   efforts ends, advancing 'the basic policies of all limitations provisions: repose,

7   ***elimination of stale claims***, and certainty about a plaintiff's opportunity for

8   recovery and a defendant's potential liabilities." (*Rotella v. Wood* (2000) 528 US

9   549, 555.) [Emphasis added.] "Statutes of limitations are intended to 'promote

10  ***justice by preventing surprises through the revival of claims that have been***

11  ***allowed to slumber until evidence has been lost, memories have faded, and***

12  ***witnesses have disappeared.'*** (*Railroad Telegraphers v. Railway Express Agency,*

13  *Inc.* (1994) 321 US 342-349 ... [The Court has] deemed them 'vital to the welfare

14  of society,' ibid., and concluded that 'even wrongdoers are entitled to assume that

15  their sins may be forgotten,' (*Wilson v. Garcia* (1985) 471 US 261, 271." *Gabelli*

16  *v. Securities and Exch. Comm.,* (2013) 568 U.S. 442.) [Emphasis added].

17      In this case, Defendants' evidence establishes that all Plaintiff's causes of

18  action brought herein, alleging Defendant's unlawful debt relief services "scheme,"

19  "related to" and were predicated upon the very same regulatory violations Plaintiff

20  admittedly discovered (as evinced in the CID) and was well aware of on and before

21  June 12, 2012.  Plaintiff's right to bring this action therefore first accrued and came

22  into existence on or before June 12, 2012.

23      Holding Plaintiff's instant action time-barred under Section 5564(g)(1) thus

24  "advanc[es] 'the basic policies of all limitations provisions: repose, ***elimination of***

25  ***stale claims***, and certainty about a plaintiff's opportunity for recovery and a

26  defendant's potential liabilities.' *Rotella, supra* at 555. It furthers the purposes of

27  the statute of limitations of Section 5564(g)(1) to "promote ***justice by preventing***

*surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared.'* *Railroad Telegraphers, supra* at 349..." *Gabelli, supra* at 448.)

Application of a separate accrual rule to actions brought the CFPB under 12 U.S.C. §5564(g)(1) is therefore inimical to these foregoing, guiding principles of fairness and finality inherent in statute of limitations constraining civil actions brought by governmental agencies.

## IV. EVEN IF A SEPARATE ACCRUAL RULE WERE AVAILABLE, PARTIAL SUMMARY JUDGMENT SHOULD NONETHELESS BE GRANTED AS TO ALL ALLEGED VIOLATIONS PREDATING JANUARY 29, 2014 (*i.e.*, MORE THAN THREE YEARS BEFORE THE JANUARY 30, 2017 FILING OF THIS ACTION)

Even were the Separate Accrual Rule applicable, partial summary judgment is appropriately granted on any of Plaintiff's claims alleged under each of the three Counts of the Complaint occurring before January 29, 2014, i.e., older than three (3) years prior to the January 30, 2017 filing date of Plaintiff's Complaint, as all such claims are time-barred under 12 U.S.C. §5564(g)(1).

## V. CONCLUSION

Statutes of limitation are designed to promote justice. The right to be free from stale claims in time prevails over the right to prosecute them. (*Wood v. Elling Corp.* (1977) 30 Cal.3d 353, 362.) Here, it is unjust to allow Plaintiff to pursue these stale claims. Defendants respectfully request that the instant motion for summary judgment and/or for partial summary judgment, be GRANTED.

1   DATED: March 7, 2018              THE VANDERPOOL LAW FIRM

2

3                                     By:   /s/  Douglas B. Vanderpool   .

4                                           Douglas B. Vanderpool, Esq.
                                            Heather A. Tovar, Esq.
5                                           THE VANDERPOOL LAW FIRM
                                            330 Main Street, Suite 203B
6                                           Seal Beach, CA 90740
7                                           Tel: 562.431.6900; Fax: 714.276.0558

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

STATE OF CALIFORNIA,          )
                                             )
COUNTY OF ORANGE          )

I am employed by the Vanderpool Law Firm in the County of Orange, State of California. I am over the age of 18 and not a party to the above-captioned action. My business address is 330 Main Street, Suite 203B, Seal Beach, California 90740.

On March 7, 2018, I served a copy of the attached documents entitled: **DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S COMPLAINT AND COUNTS I THROUGH III THEREIN** on the interested parties in this action as follows:

[ ]     BY MAIL: By placing a true and correct copy thereof enclosed in a sealed envelope addressed as above, with postage thereon fully prepared, in the U.S. Mail at Seal Beach, California. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal service on the same day with postage thereon fully prepaid at Seal Beach, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing as stated in the affidavit.

[XX]   BY ELECTRONIC MAIL: I electronically filed such document with the Clerk of the Court using CM/ECF System, which sent electronic notification of such filing to all other parties appearing on the docket sheet as in the attached service list

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.  Dated this 7th day of March 2018 at Seal Beach, California.

                                          ___/s/   Heather Tovar_____.
                                                    Heather Tovar

1

# SERVICE LIST

2

3   JAN SINGELMANN (DC Bar # 999087)
    AMY RADON (CA Bar # 277727)
4   PATRICIA SOLANGE HILFINGER-PARDO (CA Bar # 320055)
    Consumer Financial Protection Bureau
5   1700 G Street
    Washington DC 20552
6

7   E-mail: jan.singelmann@cfpb.gov; amy.radon@cfpb.gov; patricia.hilfinger-
    pardo@cfpb.gov
8

9   LEANNE HARTMANN (CA Bar # 264787)
10  301 Howard Street, Suite 1200
    San Francisco, CA 94105
11

12  E-mail: leanne.hartmann@cfpb.gov

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28