JOHN C. WELLS, DC Bar # 491292
Deputy Enforcement Director
JAN SINGELMANN, DC Bar # 999087
E-mail: jan.singelmann@cfpb.gov
Phone: 202-435-9670
AMY RADON, CA Bar # 277727
E-mail: amy.radon@cfpb.gov
Phone: 202-435-9142
P. SOLANGE HILFINGER-PARDO, CA Bar # 320055
E-mail: patricia.hilfinger-pardo@cfpb.gov
Phone: 202-435-9024
1700 G Street NW
Washington, DC 20552
Fax: (202) 435-7722

LEANNE HARTMANN, CA Bar # 264787 - Local Counsel
301 Howard St., Suite 1200
San Francisco, CA  94105
Phone: (415) 844-9787
Email: leanne.hartmann@cfpb.gov
Attorneys for Plaintiff
Consumer Financial Protection Bureau

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Consumer Financial Protection Bureau, <br><br> Plaintiff, <br><br> v. <br><br> Vincent Howard, Lawrence Williamson, Howard Law, P.C., The Williamson Law Firm, LLC, and Williamson & Howard, LLP, <br><br> Defendants. | Case No. 8:17-CV-00161 (JLS) (JEMx) <br><br> **PLAINTIFF'S STATEMENT OF GENUINE DISPUTES** <br><br> **HON. JOSEPHINE L. STATON** <br><br><br> **Hearing Date: May 4, 2018** <br> **Time:         2:30 PM** <br> **Location:      10A Santa Ana** |

Plaintiff, the Consumer Financial Protection Bureau ("Bureau"), submits this Response to Defendants' Statement of Uncontroverted Facts and Conclusions of Law on Motion for Summary Judgment or Partial Summary Judgment (Doc. 74-4). Column 1 of the table below (under the heading "Defendants' Facts") contains verbatim recitations of the facts that Defendants claim are uncontroverted and material to this matter. Column 2 (under the heading "Defendants' Evidence") is the purported support for each fact that Defendants provide. Column 3 lists the Bureau's objections to the Defendants' facts and provides citations to the Bureau's evidence that disproves the fact(s) in question.

|  | Defendants' Facts | Defendants' Evidence | Plaintiff's evidence |
|---|---|---|---|
| 1. | Plaintiff alleges that Defendants engaged in an unlawful scheme to offer debt relief services that originated in 2007. | Plaintiff's Complaint (ECF 1) ¶ 31. | Disputed. Defendants' "fact" mischaracterizes the allegations of the Bureau's Complaint.<br><br>Paragraph 31 of the Bureau's Complaint does not allege that Defendants' engaged in an unlawful scheme since 2007, as suggested by Defendants' "uncontroverted fact." Rather, paragraph 31 alleges that the origins of the debt-relief operation date back to 2007, when defendants Vincent Howard and Lawrence Williamson aligned themselves with |

| | | | Morgan Drexen to offer debt-relief services. *See* Complaint ¶ 31 (Doc. 1). |
|---|---|---|---|
| 2. | Plaintiff alleges that in advancing their "unlawful scheme" originating in 2007, Defendants aligned themselves with a company called Morgan Drexen, Inc. | Plaintiff's Complaint (ECF 1) ¶ 31. | Disputed. Defendants' "fact" mischaracterizes the allegations of the Bureau's Complaint.<br><br>Paragraph 31 of the Bureau's Complaint does not allege that Defendants' engaged in an unlawful scheme since 2007, as suggested by Defendants' "fact." Rather, paragraph 31 alleges that rather that the origins of the debt relief operation date back to 2007, when defendants Vincent Howard and Lawrence Williamson aligned themselves with Morgan Drexen to offer debt relief services. *See* Complaint ¶ 31 (Doc. 1). |
| 3. | Plaintiff alleges that before October 27, 2010, Defendants changed the debt relief | Plaintiff's Complaint (ECF 1) ¶ 38. | Undisputed. |

| | | | |
|---|---|---|---|
| | s scheme so as to consist of two separate contracts for consumers to sign, one labeled as being for debt relief services and one which was labeled as being for bankruptcy-related services. | | |
| 4. | Plaintiffs allege the unlawful debt relief scheme consisted of the two-contract debt relief model designed by the Defendants to disguise consumers' payments of unlawful fees for debt relief services. | Plaintiff's Complaint (ECF 1) ¶ 41. | Disputed. Defendants' "fact" is incomplete and therefore mischaracterizes the allegations in the Bureau's Complaint.<br><br>The Complaint's allegations include significant details about the debt relief scheme, which included: "In short, this two-contract debt relief model was designed by Howard, Williamson, Howard Law, and The Williamson Law Firm to disguise consumers' payments of unlawful fees for debt relief *services as* |

| | | | |
|---|---|---|---|
| | | | *payments for sham bankruptcy-related services that consumers neither wanted nor needed.*" Complaint ¶ 41 (Doc. 1) (emphasis added). |
| 5. | Each of the three (3) Counts of Plaintiff's Complaint alleges that Defendants unlawful debt relief scheme forming the basis for this action began as of October 27, 2010. | Plaintiff's Complaint (ECF 1) ¶88, 80 (incorporating ¶88), and 94 (incorporating ¶88). | Objection. Mischaracterizes the Bureau's Complaint. The Counts allege that the Defendants acts or practices in violating the TSR date back to October 27, 2010. |
| 6. | Plaintiff alleges that throughout this time, Morgan Drexen was Defendants' agent in offering and providing unlawful debt relief services. | Plaintiff's October 23, 2017 Response to Defendants Interrogatory No. 1, at p. 3:23-24 (Exhibit 1 to Declaration of Douglas B. Vanderpool [hereinafter "Vanderpool Decl."] | Undisputed. |
| 7. | Count II of Plaintiff's Complaint alleges Defendants | Plaintiff's Complaint (ECF 1) ¶¶ 91-93. | Undisputed. |

| | | | |
|---|---|---|---|
| | promulgated deceptive in [sic] advertising and marketing relating to charges of advance fees for debt relief services, in violation of 16 C.F.R. § 310.3(a)(2)(ii) and (x). | | |
| 8. | Plaintiff alleges that Defendants' advertising and marketing began on December 8, 2010. | Plaintiff's Complaint (ECF 1) ¶ 44 | Disputed. Defendants' "fact" mischaracterizes the allegations in the Bureau's Complaint.<br><br>Paragraph 44 alleges that television commercials advertising Defendants' debt relief program ran from December 8, 2010 to April 11, 2014; but it does not state that was when Defendants *began* advertising and marketing. Complaint ¶ 44 (Doc. 1). |
| 9. | Plaintiff contend [sic] Defendants' consumer enrollment allegedly resulting from advertising concerning | Plaintiff's October 23, 2017 Response to Defendants Interrogatory No. 5, at p. 15:1-10 (Ex. 1 to | Undisputed. |

| | | | |
|---|---|---|---|
| | no upfront fees began as of April, 2011. | Vanderpool Decl.) | |
| 10. | Plaintiff contends that Defendant Howard recruited attorneys to become part of a debt relief services network of local counsel starting in 2007. | Plaintiff's October 23, 2017 Response to Defendants Interrogatory No. 7, at p. 19:13-14 (Ex. 1 to Vanderpool Decl.) | Undisputed. |
| 11. | Plaintiff contends that "in late 2010" Defendant Howard conducted formal training for Morgan Drexen employees and would supervise their performance. | Plaintiffs October 23, 2017 Response to Defendants Interrogatory No. 7, at p. 20:9- 12 (Ex. 1 to Vanderpool Decl.) | Disputed. The Bureau's interrogatory response does not identify the specific time period that Howard supervised the performance of Morgan Drexen employees. |
| 12. | Count III of Plaintiff's Complaint alleges that Defendants' unlawful debt relief scheme violated 16 C.F.R. § 310.3(b) by providing substantial assistance to Morgan Drexen, while knowing that Morgan Drexen was engaged in | Plaintiffs Complaint (ECF 1) ¶¶95-97. | Disputed. Defendants' summary of the Bureau's allegations is incomplete because it omits that Count III alleges that "Defendants provided substantial assistance or support to Morgan Drexen while knowing *or consciously avoiding knowing* that Morgan Drexen and Ledda |

| | | | |
|---|---|---|---|
| | an unlawful scheme that violated 16 C.F.R. § 310.3(a) and 310.4. | | were engaged in acts or practices that violated §§ 310.3(a) and 310.4 of the TSR." Complaint ¶ 96 (Doc. 1) (emphasis added). |
| 13. | Plaintiff contends Defendants began developing their debt relief business by providing substantial assistance in creating [sic] to Morgan Drexen and implementing the allegedly unlawful debt relief scheme as early as 2007. | Plaintiffs October 23, 2017 Response to Defendants Interrogatory No. 8, at pp. 22:13-14 and 23:17-18 (Ex. 1 to Vanderpool Decl.) | Disputed. Defendants' mischaracterize the Bureau's interrogatory response. The Bureau's interrogatory response states that "Defendants began developing their debt relief business by providing substantial assistance to Morgan Drexen in 2007," but does not state that the unlawful scheme dated back to 2007. |
| 14. | Plaintiff contends Defendants substantially assisted Morgan Drexen in violating the TSR as of October 27, 2010. | Plaintiffs October 23, 2017 Response to Defendants Interrogatory No. 8, at pp. 22:13-14 and 23:17-18 (Ex. 1 to Vanderpool Decl.) | Undisputed. |
| 15. | Plaintiff contends that even through | Plaintiffs October 23, 2017 Response to | Undisputed. |

| | | | |
|---|---|---|---|
| | Defendant Williamson and Howard was incorporated in 2012, it is nonetheless jointly and severally liable for acts and practices of the other Defendants because Defendants have operated their debt relief scheme as a common enterprise using an interrelated network of companies that have common business functions, employees, and offices. | Defendants Interrogatory No. 8, at pp. 22:20-26 (Ex. 1 to Vanderpool Deci.) | |
| 16. | On August 20, 2013, Plaintiff filed suit in this Court against Morgan Drexen, Inc., Case No. 8:13-cv-0 1267 ("Morgan Drexen Case"). | Plaintiffs Complaint (ECF 1) ¶59; Aug. 2, 2013 Morgan Drexen Case Complaint, Defendants' Request for Judicial Notice ["RJN"] Ex 1. | Undisputed. |
| 17. | In Count I of the Morgan Drexen Case, Plaintiff alleged that Defendants therein violated the TSR at 16 | Morgan Drexen Complaint, Aug. 2, 2013 Morgan Drexen Case Complaint, ¶¶ 75- | Undisputed. |

| | | | |
|---|---|---|---|
| | | C.F.R. §310.4(a)(5)(i) by charging advance fees before debt relief services were provided. | 76, pp. 15:20-16:4, Defendants' RFN Ex. 1. | |
| 18. | In Count III of the Morgan Drexen Case, Plaintiff alleged that Defendants therein violated the TSR at 16 C.F.R. § 310.3(a)(2)(ii) and (x) by erroneously representing to consumers that they are not charged for advance fees for Defendants' debt relief services. | Morgan Drexen Complaint, Aug. 2, 2013 Morgan Drexen Case Complaint, ¶¶81-83, pp. 16:20-17:3, Defendants' RJN Ex. 1. | Undisputed. |
| 19. | On June 12, 2012, Plaintiff served a Civil Investigative Demand ("CID") on Defendant Howard pursuant to 12 C.F.R. § 1080.5. | Ex. 1 to the Declaration of Vincent Howard [hereinafter "Howard Decl."] | Disputed. The evidence Defendants cite to does not support the "fact." Defendants cite to the Declaration of Vincent Howard, but it does not state that he was *served* with the CID on June 12, 2012. |
| 20. | The June 12, 2012 CID was mandatorily required to advise | 12 C.F.R. § 1080.5 | Objection. Defendants' "fact" – states a legal conclusion. |

9

| | | | |
|---|---|---|---|
| | Defendants of the specific nature of the conduct constituting the alleged violation under investigation and the provisions of law applicable to such violation. | | |
| 21. | Plaintiffs June 12, 2012 CID's stated purpose was, *inter alia*, "to determine whether debt relief providers, or other unnamed persons have engaged or are engaging in unlawful acts or practice in the advertising,  marketing, or sales of debt relief services or products, including but not limited to debt negotiation, debt elimination, debt settlement, credit counseling.. .in | Ex. 1 to Howard Decl. at p. 1. | Objection. Defendants' "fact" is incomplete. The CID provided that its notification of purpose was: "The purpose of this investigation is to determine whether debt relief providers, or other unnamed persons have engaged or are engaging in unlawful acts or practices in the advertising, marketing, or sale of debt relief services or products, including but not limited to debt negotiation, debt elimination, debt settlement, credit counseling, mortgage loan modification and foreclosure rescue, in |

| | | | |
|---|---|---|---|
| violation of...the Telemarketing Sales Rule, 16 C.F.R. § 310.1, et seq...." | | | violation of Section 1031 of the Dodd-Frank Wall Street Reform and Consumer Protection Act, as amended, Public Law 111-203 (July 21, 2010), Title X, 12 U.S.C. § 5481 et seq., the Telemarketing Sales Rule, 16 C.F.R. § 310.1 et. seq., the Mortgage Assistance Relief Services Rule, 16 C.F.R. § 322.1 et seq., or any other federal consumer financial law. This investigation is also to determine whether Bureau action to obtain legal or equitable relief would be in the public interest." |
| 22. | Plaintiff's June 12, 2012 CID contained an interrogatory requesting, *inter alia*, identification of each law firm in which Vincent Howard has or had a management or ownership interest that | Ex. 1 to Howard Decl. at p. 6, Interrog. No. 2. | Undisputed. |

| | | | |
|---|---|---|---|
| | did business with, or received the services of, Morgan Drexen. | | |
| 23. | Plaintiffs June 12, 2012 CID contained an interrogatory requesting, *inter alia*, identification of all services provided, directly or indirectly, by Howard Law to Morgan Drexen, or Morgan Drexen to Howard Law, the fee charged for each service identified, the person charging the fee and the person who whom the fee is charged. | Ex. 1 to Howard Decl. at p. 6-7, Interrog. No. 5. | Undisputed. |
| 24. | Plaintiffs June 12, 2012 CID contained an interrogatory requesting that Defendants, *inter alia*, "Identify the Clients with whom Howard Law or Local | June 12, 2012 CID, Ex. 1 to Howard Decl.at p. 7, Interrog. No. 9. | Undisputed. |

| | | | |
|---|---|---|---|
| | Attorneys entered into any of the following agreements: a. Attorney/Client Fee Agreement- Debt Resolution Representation; and b. Attorney/Client Bankruptcy Fee Agreement..." | | |
| 25. | Plaintiffs June 12, 2012 CID contained an interrogatory requesting that Defendants, *inter alia*, "Describe how Howard Law supervises or monitors the services that Morgan Drexen or its vendors or contractors provides to Howard Law, Engagement Attorneys, Local Attorneys, or Clients and identify each activity that Howard Law supervises or | June 12, 2012 CD, Ex. 1 to Howard Decl. at p. 8, Interrog. No. 10. | Undisputed. |

| | | | | |
|---|---|---|---|---|
| 1 | | monitors." | | |
| 2 | 26. | Plaintiffs June 12, 2012 | June 12, 2012 CD, Ex. 1 | Undisputed. |
| 3 | | CID contained | to Howard Deci. at p. 8, | |
| 4 | | an interrogatory | Interrog. No. 14. | |
| 5 | | requesting that | | |
| 6 | | Defendants, *inter alia*, | | |
| 7 | | "Identify each bank or | | |
| 8 | | trust account from | | |
| 9 | | which payments were | | |
| 10 | | made from Morgan | | |
| 11 | | Drexen to Howard | | |
| 12 | | Law; from which | | |
| 13 | | payments were made | | |
| 14 | | from Howard Law to | | |
| 15 | | Morgan Drexen; and in | | |
| 16 | | which Clients' funds | | |
| 17 | | are deposited. For each | | |
| 18 | | such account, identify: | | |
| 19 | | a. who is authorized to | | |
| 20 | | withdraw funds from | | |
| 21 | | the account; b. the | | |
| 22 | | name on the account; c. | | |
| 23 | | the type of account, | | |
| 24 | | including whether it is | | |
| 25 | | an interest bearing | | |
| 26 | | account; d. any | | |
| 27 | | agreements (other than | | |
| 28 | | those with the bank | | |

| | | | |
|---|---|---|---|
| | | itself) that govern the management of the funds in the account." | | |
| | 27. | Plaintiffs June 12, 2012 CID contained an interrogatory requesting that Defendants, inter alia, "Describe how and when Howard Law first learned about Morgan Drexen and how and when it started its affiliation with Morgan Drexen." | June 12, 2012 CD, Ex. 1 to Howard Decl. at p. 8, Interrog. No. 17. | Undisputed. |
| | 28. | Plaintiffs June 12, 2012 CID contained an interrogatory requesting that Defendants, inter alia, "Describe any ownership interest that Howard Law, or any partner of Howard Law, has in Morgan Drexen." | June 12, 2012 CD, Ex. 1 to Howard Decl. at p. 9, Interrog. No. 19. | Undisputed. |
| | 29. | By no later than June 12, 2012, based on | June 12, 2012 CID, Ex. 1 to | Objection. The statement is a legal conclusion, not a fact. |

| | | information it had acquired in the Morgan Drexen Case, Plaintiff had discovered all of its causes of action alleged in this lawsuit under the TSR and 16 C.F.R. § 310.1 et seq. against the attorney Defendants in this case, based on the contents of the CID served on Defendant Howard as of that date and the inferences mandatory drawn therefrom. | Howard Decl. | Disputed. The cited evidence—the Bureau's issuance of a CID seeking information and documents, without any evidence that Howard Law even provided the requested information and documents or the significance of any information provided—does not establish Defendants' "fact." |
|---|---|---|---|---|
| | 30. | Plaintiff never named any of the Defendants herein as Defendants in the Morgan Drexen Case at any time. | Register of Actions in Morgan Drexen Case, Defendants' RJN Ex. 2. | Undisputed. |
| | 31. | Plaintiff alleges Defendants' unlawful debt relief scheme at Morgan Drexen was transferred to Defendants as early as 2014. | Plaintiffs Complaint (ECF 1), ¶65. | Disputed. The cited evidence does not establish Defendants' "fact." Paragraph 65 of the Bureau's Complaint instead provides: "In 2014, Defendants |

| | | | transferred the entire Morgan Drexen creditor relations department—approximately 20 employees who were responsible for negotiating with creditors—to Williamson & Howard." |
|---|---|---|---|
| 32. | All three (3) counts of this lawsuit allege Defendants' debt relief scheme (comprising violations of the TSR, 16 C.F.R. § 310.1, et seq.) that were the alleged violations forming the basis for the June 12, 2012 CID. | Plaintiff's Complaint (ECF 1), in passim. | Objection. The statement is a legal conclusion, not a fact. Disputed. Defendants' cited evidence does not establish the "fact." |
| 33. | Plaintiffs present lawsuit was not filed against Defendants herein until January 30, 2017, i.e., more than four and one-half years after Plaintiff first discovered as of its June 12, 2012 CID, the TSR violations forming the basis for this | Plaintiff's Complaint (ECF 1). | Objection. The statement is a legal conclusion not a fact. Furthermore, the cited authority establishes only that Bureau filed Complaint on January 30, 2017, but not how or when Bureau discovered violations forming the basis for its action. |

| | | | |
|---|---|---|---|
| | lawsuit. | | |
| 34. | Defendant's June 27, 2017 Answer to Plaintiffs Complaint alleges as their Seventh Affirmative Defense that the Plaintiff's Complaint is barred in whole or in part by the Statute of Limitations. | Defendant's June 27, 2017Answer (ECF 51) p. 15, ¶106. | Undisputed. |

## BUREAU'S ADDITIONAL FACTS IN DISPUTE, WHICH SHOULD REQUIRE THE COURT TO DENY SUMMARY JUDGMENT

| | Bureau Fact | Bureau evidence |
|---|---|---|
| 35. | Morgan Drexen acted as Defendants' agent in providing debt relief services. | Vincent Howard Oct. 31, 2014 Decl. ¶ 50 (attached as Ex. 2 to Singelmann Decl.); Amended and Restated Administrative Services Contract between Howard Law, P.C. and Morgan Drexen, Inc., attached as Ex. 3 to Vincent Howard Aug. 12, 2016 declaration (attached as Ex. 3 to Singelmann Decl.). |
| 36. | Morgan Drexen provided services to Defendants until June 18, 2015, when Morgan Drexen ceased | Vincent Howard Aug. 26, 2015 Decl. ¶ 44 (attached as Ex. 4 to Singelmann Decl.). |

| | | |
|---|---|---|
| | operations. | |
| 37. | As of August 26, 2015, Defendants stated they "have approximately 8,000 clients that received services of one kind or another from Morgan Drexen." | Vincent Howard Aug. 26, 2015 Decl. ¶ 77 (attached as Ex. 4 to Singelmann Decl.). |
| 38. | After Morgan Drexen went out of business on June 18, 2015, Defendants continued to charge or collect fees from consumers through at least October 9, 2015. | Feb. 19, 2016 letter from S. O'Keefe to G. O'Malley (Ex. 5 to Singelmann Decl.); March 9, 2016 letter from S. O'Keefe to G. O'Malley (Ex. 6 to Singelmann Decl. |
| 39. | As of October 9, 2015, Defendants were providing debt-relief services to approximately 5,000 consumers. | Vincent Howard Mar. 1, 2016 Decl. ¶ 8 (attached as Ex. 7 to Singelmann Decl.). |
| 40. | On behalf of other attorneys, Defendants charged or collected fees from consumers after October 9, 2015. | Vincent Howard Mar. 1, 2016 Decl. ¶¶ 28-29 (Defendants collected fees from consumers through ACH deductions on behalf of Hugh Williams) (attached as Ex. 7 to Singelmann Decl.). |
| 41. | In Orders dated October 9, 2015 and February 5, 2016, the Court in the related *Morgan Drexen* litigation ordered these Defendants to submit an accounting to the Bureau of fees collected from consumers since June 18, 2015. | October 9, 2015 Order (Doc. 385 in *Morgan Drexen* action) (Ex. 8 to Singelmann Decl.); Feb. 5, 2016 Order (Doc. 409 in *Morgan Drexen* action) (Ex. 9 to Singelmann Decl.). |
| 42. | On February 19, 2016, Defendants | Feb. 19, 2016 letter from Sean O'Keefe |

| | | |
|---|---|---|
| | submitted an accounting to the Bureau of the fees it had charged or collected from consumers for the period between June 18, 2015 and October 9, 2015. | to Gabriel O'Malley (Ex. 5 to Singelmann Decl.). |
| 43. | In a letter dated March 9, 2016, Defendants stated that the correct restitution figure representing the "fees taken" by Defendants for the June 18, 2015 to October 9,2015 time period is $2,211,516.92. | Mar. 9, 2016 letter from Sean O'Keefe to Gabriel O'Malley (Ex. 6 to Singelmann Decl.). |
| 44. | From January 29, 2014 to August 31, 2014, Morgan Drexen charged or collected $12,760,000 in unlawful fees from 14,578 consumers through at least 62,401 independent ACH transactions. | Hanson Decl. ¶ 10-11 (Ex. 1 to Singelmann Decl.). |
| 45. | From June 18, 2015 to October 9, 2015, Defendants collected $5,326,981.13 in fees from 7,300 consumers. | Hanson Decl. ¶ 12 (Ex. 1 to Singelmann Decl.); Feb. 19, 2016 letter from S. O'Keefe to G. O'Malley (Ex. 5 to Singelmann Decl.); March 9, 2016 letter from S. O'Keefe to G. O'Malley (Ex. 6 to Singelmann Decl.). |

1   Dated: April 13, 2018                    Respectfully submitted,

2

3                                            CONSUMER FINANCIAL PROTECTION
                                             BUREAU
4

5                                            KRISTEN A. DONOGHUE
                                             Enforcement Director
6

7                                            JOHN C. WELLS
                                             Deputy Enforcement Director
8

9                                            R. GABRIEL D. O'MALLEY
                                             Assistant Litigation Deputy
10

11                                           /s/ Jan Singelmann
                                             Jan Singelmann
12                                           Amy Radon
                                             P. Solange Hilfinger-Pardo
13                                           *Enforcement Attorneys*
                                             Consumer Financial Protection Bureau
14                                           1700 G Street NW
                                             Washington, DC 20552
15                                           Fax: (202) 435-7722
16

17                                           Attorneys for Plaintiff
18

19

20

21

22

23

24

25

26

27

28

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on April 13, 2018, a copy of the foregoing document was served via electronic mail to counsel for Defendants, listed below:

Douglas B. Vanderpool (SBN 162857)
Heather A. Tovar (SBN 237004)
The Vanderpool Law Firm
330 Main Street, Suite 203B
Seal Beach, CA 90740
Tel: 562-431-6900
Fax: 714-276-0558
doug@vanderpool-law.com
heather@vanderpool-law.com

/s/ Jan Singelmann
Jan Singelmann
Enforcement Attorney
Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552
Fax: (202) 435-7722
