_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:17-cv-00161-JLS-JEM  Date: May 03, 2018
Title: Consumer Financial Protection Bureau v. Vincent Howard et al.

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:        Attorneys Present for Defendant:

Not Present                             Not Present

**PROCEEDINGS:   (IN CHAMBERS) ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. 74)**

Before the Court is a Motion for Summary Judgment or In the Alternative Partial Summary Judgment filed by Defendants Howard Law, P.C.; Williamson & Howard, LLP; the Williamson Law Firm, LLC; Vincent Howard; and Lawrence Williamson. (Mot., Doc. 74; Mem., Doc. 74-1.)  Plaintiff the Consumer Financial Protection Bureau ("CFPB") opposed (Opp., Doc. 84), and Defendants replied (Reply, Doc. 85).  The Court finds this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15.  Accordingly, the hearing set for May 4, 2018, at 2:30 p.m., is VACATED.  For the following reasons, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion.

### I.     BACKGROUND

Because the parties are familiar with the history of this litigation, the Court gives only a brief recitation of the facts here.

Defendants are individuals and law firms that are alleged to have partnered with the now-defunct company Morgan Drexen to offer debt relief services to consumers. (Compl. ¶ 31, Doc. 1.)  Sometime after 2010, the CFPB began investigating Morgan Drexen for violating the 2010 Amendments to the Telemarketing Sales Rule ("TSR") by charging unlawful up-front fees for these debt relief services.  As part of its investigation

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:17-cv-00161-JLS-JEM     Date: May 03, 2018
Title: Consumer Financial Protection Bureau v. Vincent Howard et al.

of Morgan Drexen, the CFPB served a Civil Investigative Demand ("CID") on Vincent Howard in June 2012. (Stmt. of Gen. Disp. ("SGD") ¶ 19, Doc. 84-1.) The CID contained interrogatories requesting information on all services provided, clients serviced, and payments made by Howard Law to Morgan Drexen. (*Id.* ¶¶ 23–25.)

On August 20, 2013, the CFPB filed suit against Morgan Drexen. (Compl. ¶ 59.) Defendants were not parties to that suit. (SGD ¶ 30.) However, the CFPB alleges that while the *Morgan Drexen* litigation proceeded, Morgan Drexen began transferring its business and functions to Defendants. (Compl. ¶¶ 64–66.) From January 29, 2014 through August 31, 2014, Defendants and Morgan Drexen charged or collected approximately $12.76 million in fees. (SGD ¶ 44.)

On April 21, 2015, the Court issued terminating sanctions against Morgan Drexen after finding that Morgan Drexen had spoliated evidence that was central to the case. *See generally CFPB v. Morgan Drexen, Inc.*, 101 F. Supp. 3d 856 (C.D. Cal. 2015). Morgan Drexen ceased operations in June 2015. (Compl. ¶ 70.) Following Morgan Drexen's closure, Defendants collected an additional $5.3 million from consumers who had signed up for debt relief services through Morgan Drexen. (SGD ¶ 45.)

On January 30, 2017, the CFPB filed the instant Complaint against Defendants. The CFPB alleges that Defendants' unlawful conduct began in 2010 and continues to the present. (Compl. ¶¶ 37–72, 88.) The CFPB alleges three counts of violations of the TSR: (1) charging upfront fees for debt relief services (16 C.F.R. § 310.4(a)(5)(i)), (2) engaging in misleading debt relief practices (*id.* § 310.3(a)(2)(ii), (x)), and (3) substantially assisting Morgan Drexen in its violations of the TSR (*id.* § 310.3(b)). (*Id.* ¶¶ 87–97.)

On May 30, 2017, the Court denied Defendants' motion to dismiss. (Order Denying MTD, Doc. 42.) In relevant part, the Court declined to resolve the parties' dispute over the applicable statute of limitations because at least some of the "alleged conduct occurred within the three-year statute of limitations period that Defendants insist applies to this action." (*Id.* at 13.)

_____

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:17-cv-00161-JLS-JEM                                    Date: May 03, 2018
Title: Consumer Financial Protection Bureau v. Vincent Howard et al.

## II.     LEGAL STANDARD

In deciding a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Summary judgment is proper "if the [moving party] shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is "genuine" when there is sufficient evidence such that a reasonable trier of fact could resolve the issue in the non-movant's favor, and a fact is "material" when it might affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248. But "credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Acosta v. City of Costa Mesa*, 718 F.3d 800, 828 (9th Cir. 2013) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) (internal quotation marks omitted)).

The role of the Court is not to resolve disputes of fact but to assess whether there are any factual disputes to be tried. The moving party bears the initial burden of demonstrating the absence of a genuine dispute of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Once the moving party carries its initial burden, the adverse party 'may not rest upon the mere allegations or denials of the adverse party's pleading,' but must provide affidavits or other sources of evidence that 'set forth specific facts showing that there is a genuine issue for trial.'" *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (quoting Fed. R. Civ. P. 56(e)).

## III.     DISCUSSION

Defendants focus their Motion solely on whether the applicable statute of limitations precludes some or all of the CFPB's claims. Specifically, they argue that the three-year statute of limitations under 12 U.S.C. § 5564(g) ("Section 5564(g)") bars the instant action because the CFPB "discovered" Defendants' alleged role in the Morgan Drexen scheme in June 2012 when it served the CID on Howard. (Mem. at 2.) Alternatively, Defendants request that the Court grant partial summary judgment as to all

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:17-cv-00161-JLS-JEM                      Date: May 03, 2018
Title: Consumer Financial Protection Bureau v. Vincent Howard et al.

conduct that was alleged to have occurred more than three years prior to the filing of the Complaint. (*Id.* at 16.) The CFPB disputes whether Section 5564(g) applies and whether discovery actually occurred in June 2012 but states that it will limit its request for relief to unlawful fees charged or collected in the three years preceding the filing of this action. (Opp. at 1, 4, 12.)

      As a threshold matter, in light of the CFPB's non-opposition, the Court GRANTS the Motion as to all conduct that is alleged to have occurred more than three years prior to the filing of the Complaint.

      Nevertheless, Defendants argue that the entire action should be barred because all of the alleged violations are "related to" the "singular scheme" that the CFPB discovered in 2012. (Mem. at 13–15; Reply at 10.) Even assuming (without deciding) that Section 5564(g)'s three-year statute of limitations applies, Defendants' argument fails as a matter of law.

      Individuals are liable under the Consumer Financial Protection Act for "any act or omission that, if proved, would constitute a violation of any provision of Federal consumer financial law," which includes the TSR. 12 U.S.C. §§ 5561(5), 5564(g)(2). Generally, when "there is a continuing course of conduct with multiple, distinct underlying crimes that independently could support [liability] … , the limitations period starts afresh with each new offense." *United States v. Kivanc*, 714 F.3d 782, 790 (4th Cir. 2013). *See also Hennegan v. Pacifico Creative Serv., Inc.*, 787 F.2d 1299, 1301 (9th Cir. 1986) (applying a similar principle in the antitrust context). As this Court already held in denying Defendants' motion to dismiss, this principle applies equally in the context of federal consumer financial law: any violations of the TSR that occur within the relevant limitations period are not time-barred. (*See* Order Denying MTD at 13.) *Accord CFPB v. NDG Fin. Corp.*, No. 15-CV-5211 (CM), 2016 WL 7188792, at *20 (S.D.N.Y. Dec. 2, 2016); *CFPB v. Intercept Corp.*, No. 3:16-CV-144, 2017 WL 3774379, at *3 (D.N.D. Mar. 17, 2017).[1]

___

[1] Defendants argue that these cases are inapt because they are rulings on motions to dismiss. (Reply at 7.) However, because "[t]he application of a statute of limitations … is a question of law," *Hilao v. Estate of Marcos*, 103 F.3d 767, 779 (9th Cir. 1996), the legal analyses in these cases are equally relevant at the motion for summary judgment stage.

___

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:17-cv-00161-JLS-JEM　　　　　　　　　　　　　Date: May 03, 2018
Title: Consumer Financial Protection Bureau v. Vincent Howard et al.

　　　　The CFPB has produced evidence that from June 2015 through October 2015, well within the three years prior to the filing of this action, Defendants collected millions of dollars in fees from consumers who had signed up for Morgan Drexen's debt relief services. (SGD ¶ 45.) The CFPB alleges that those fees were unlawful up-front fees that violated the TSR. (Compl. ¶ 72.) Therefore, even though Defendants' alleged conduct arose out of a "continuous unlawful scheme" that began in 2010, (*see* Reply at 10), this action "to recover for … separate violations occurring within [three] years prior to its filing is not barred by the statute of limitations." *Hennegan*, 787 F.2d at 1301.

　　　　Accordingly, Defendants' Motion is DENIED as to alleged conduct that occurred within three years of the filing of the Complaint.

## IV.　　CONCLUSION

　　　　For the foregoing reasons, Defendants' Motion for Summary Judgment is GRANTED as to violations of the TSR that are alleged to have occurred more than three years prior to the filing of the Complaint. It is DENIED as to violations that are alleged to have occurred within three years of filing.

　　　　　　　　　　　　　　　　　　　　　　　　　　　Initials of Preparer: tg