1  JOHN C. WELLS, D.C. Bar # 491292
   Deputy Enforcement Director
2  AMY RADON, CA Bar # 277727
3  E-mail: amy.radon@cfpb.gov
4  Phone: 202-435-9142
   JAN SINGELMANN, DC Bar # 999087
5  E-mail: jan.singelmann@cfpb.gov
6  Phone: 202-435-9670
7  P. SOLANGE HILFINGER-PARDO, CA Bar # 320055
   E-mail: patricia.hilfinger-pardo@cfpb.gov
8  Phone: 202-435-9024
9  1700 G Street NW
   Washington, DC 20552
10 Fax: (202) 435-7722
11
12 LEANNE HARTMANN, CA Bar # 264787 - Local Counsel
   301 Howard St., Suite 1200
13 San Francisco, CA  94105
14 Phone: (415) 844-9787
   Email:  leanne.hartmann@cfpb.gov
15 Attorneys for Plaintiff
16 Bureau of Consumer Financial Protection

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bureau of Consumer Financial Protection,<br><br>      Plaintiff,<br><br>v.<br><br>Vincent Howard, Lawrence Williamson, Howard Law, P.C., The Williamson Law Firm, LLC, and Williamson & Howard, LLP,<br><br>      Defendants. | Case No. 8:17-CV-00161 (JLS) (JEMx)<br><br>**[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER** |

**STIPULATED PROTECTIVE ORDER**

This matter having come before the Court, and Plaintiff, the Bureau of Consumer Financial Protection ("Bureau"), and Defendants, Vincent Howard, Lawrence Williamson, Howard Law, P.C., The Williamson Law Firm, LLC, and Williamson & Howard, LLP ("Defendants"), (collectively with the Bureau, the "Parties"), having stipulated to the process set forth herein, it is hereby ORDERED:

1. PURPOSES AND LIMITATIONS

Discovery in this Action may involve production of information protected from disclosure by the attorney-client privilege or attorney work product doctrine. Accordingly, the Parties hereby stipulate to and petition the Court to enter this Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled to protection from disclosure under the attorney-client privilege or attorney work product doctrine. The Parties also acknowledge the statutory obligations and regulatory permission of the Bureau to share information under this Order with other federal and state agencies. This Order does not govern the use at trial of material designated under this Order.

2. DEFINITIONS

2.1 <u>Action</u>: This case, *Consumer Financial Protection Bureau v. Vincent Howard, Lawrence Williamson, Howard Law, P.C., The Williamson Law Firm, LLC, and*

*Williamson & Howard, LLP*, Case No. 8:17-CV-00161 (JLS) (JEMx), pending in the United States District Court for the Central District of California.

2.2 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.3 <u>Final Disposition</u>: the later of: (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment, including a stipulated final judgment, herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

2.4 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.5 <u>Outside Counsel</u>: the following attorneys, including their support staff, who are not employees of a Party to this Action and have been retained to represent or advise Defendants: Sean O'Keefe; Douglas Vanderpool; Heather Tovar; and Jeffrey Katz, but only in his role at Kesher Law Group. Jeffrey Katz is not Outside Counsel in his former position at Morgan Drexen, Inc. or any other Morgan Drexen entity (*e.g.*, Morgan Drexen Integrated Services, Inc.) or at Williamson & Howard, LLP.

2.6 <u>Party</u>: any party to this Action, including all of its officers, directors, employees,

consultants, contractors, retained experts, and Outside Counsel.

2.7 <u>Privileged Material</u>: any Disclosure or Discovery Material that is:

(a) A communication between Vincent Howard using the email address (vhoward@howardlawpc.com) and Lawrence Williamson at the mail address (l.williamson@thewilliamsonfirm.com) on or after May 22, 2015;

(b) A communication with Outside Counsel or Professional Vendors for Outside Counsel through the following email addresses:

- Sean O'Keefe (SeanAOKeefe@msn.com);
- Douglas Vanderpool (doug@vanderpool-law.com);
- Heather Tovar (heather@vanderpool-law.com);
- John Berman (jberman976@aol.com);
- Robert Kehr (rlkehr@kscllp.com);
- Edward Lear (lear@centurylawgroup.com);
- Mark D. Baute (mbaute@bautelaw.com);
- Henry H. Gonzalez (hgonzalez@bautelaw.com);
- Candice J. Hyon (chyon@bautelaw.com);
- Steven Berman (sberman@slk-law.com); and
- Terrance Mazura (tmazura@euslaw.com);

(c) A communication with Jeffrey Katz in his role as Outside Counsel using the email address (jeffrey.katz@kesherlawgroup.com) or (jeff.katz@sbcglobal.net) for the

period on or after May 22, 2015; and

   (d) A communication with Jeffrey Katz in his role at Morgan Drexen, Inc. or any other Morgan Drexen entity (*e.g.*, using the email address jeffrey.katz@mdrexen.com) or Williamson & Howard, LLP (*e.g.*, using the email address jkatz@williamsonandhoward.com) or Howard Law, P.C. (*e.g.*, using the email address jeffrey.katz@howardlawpc.com) is not Privileged Material.

2.8 <u>Producing Party</u>: Defendants, the Parties that are producing Disclosure or Discovery Material in this Action.

2.9 <u>Professional Vendors</u>: persons or entities that provide litigation-support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors, including Terrence Mazura.

2.10 <u>Receiving Party</u>: Plaintiff, the Bureau of Consumer Financial Protection, which is receiving Disclosure or Discovery Material from a Producing Party.

3. RESTRICTED ACCESS TO PRIVILEGED MATERIAL

3.1 <u>Securing potentially Privileged Material</u>. Upon receipt of electronically stored information ("ESI") that may include Privileged Material, the Receiving Party's eDiscovery team will create a database that will host the produced ESI. The produced ESI will be placed in a container folder with restricted access ("Secure Database Folder"). The Receiving Party's eDiscovery team will implement security settings to

4

limit access to the Secure Database Folder to members of the eDiscovery team. No attorneys from the Receiving Party will have access to the Secure Database Folder. The Receiving Party's eDiscovery team will also secure, maintain exclusive possession of, and restrict access to the media on which the ESI has been produced.

3.2 <u>Restricting access to Privileged Material</u>. The Receiving Party's eDiscovery team will identify and restrict access to Privileged Material as follows:

(a) The Receiving Party's eDiscovery team will generate a list of all email addresses included in the Secured Database Folder;

(b) The Receiving Party's eDiscovery team will sort the list of email addresses by custodian;

(c) The Receiving Party's eDiscovery team will search the TO, FROM, CC, and BCC fields for any communications with Outside Counsel (*i.e.*, communications with an email address identified in the definition of Outside Counsel);

(d) The Receiving Party's eDiscovery team will run a query to tag as Privileged Material all ESI (email including attachments thereto) with Outside Counsel;[1]

(e) The Receiving Party's eDiscovery team will run a search to identify and delete all records tagged as Privileged Material from the Secure Database Folder;

---

[1] The Receiving Party's eDiscovery team will run the query but will not actually review any of the ESI.

(f) The Receiving Party's eDiscovery team will utilize at least two employees to conduct the searches and conduct a quality control check to ensure that all Privileged Materials are identified and removed from the Secure Database Folder; and

(f) The Receiving Party's eDiscovery team will move the remaining ESI (*i.e.*, non-Privileged Material) from the Secure Database Folder to a separate database folder to which the Receiving Party's attorneys have access.

4. CLAWBACK/INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL

When a Producing Party gives notice to the Receiving Party that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

The production of privileged or work product protected documents, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents (including metadata) for relevance, responsiveness, or segregation of privileged or protected information before production.

5. PRIVILEGED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If the Receiving Party is served with a subpoena or a court order or other legal

process, including discovery requests, issued in other litigation that compels disclosure of any information or items identified in this Action as Privileged Material, the Receiving Party must:

(a) Promptly notify in writing the Producing Party. Such notification shall include a copy of the subpoena or court order or other legal process;

(b) Promptly notify in writing the party who caused the subpoena or order or other legal process to issue in the other litigation that some or all of the material covered by the subpoena or order or other legal process is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the Producing Party whose Privileged Material may be affected.

If the Producing Party timely seeks a protective order, the Receiving Party served with the subpoena or court order shall not produce any information identified in this action as Privileged Material before a determination by the court from which the subpoena or order or other legal process issued, unless the Receiving Party has obtained the Producing Party's permission. The Producing Party shall bear the burden and expense of seeking protection in that court of its Privileged Material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

6. MISCELLANEOUS

Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

7. FINAL DISPOSITION

The obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

After the final disposition of this Action, within 60 days of a written request by the Producing Party, the Receiving Party must destroy or return all Privileged Material to the Producing Party. Whether the Privileged Material is destroyed or returned, the Receiving Party must submit a written certification to the Producing Party by the 60-day deadline that identifies (by category, where appropriate) all the Privileged Material that was destroyed or returned.

8. JURISDICTION

The Court shall retain jurisdiction after the resolution of this action to enforce or modify the terms of this order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: September 4, 2018     /s Jan Singelmann
Attorney for Plaintiff

DATED: September 4, 2018     /sLawrence W. Williamson
Attorney for Defendants

1 | IT IS SO ORDERED.
2 | DATED: 9/5/2018
3 | ~~United States District Court Judge~~
4 | United States Magistrate Judge

*John E. McDermott*